648 F.2d 688
 Timothy MILONAS, Jr. and Kenneth Rice, by and through their
attorney and Guardian Ad Litem, Kathryn Collard,
Plaintiffs-Appellees,
v.
Jack L. WILLIAMS, Owner and Administrative Director, Provo
Canyon School; Robert H. Crist, Owner and Medical
Director, Provo Canyon School, D. Eugene
Thorne, Defendants-Appellants,
John F. McNamara, Director and Administrator, Interstate
Compact on Juveniles, Defendant.
 No. 80-1569.
 United States Court of Appeals,
Tenth Circuit.
 May 5, 1981.
 
 Allan L. Larson, Max D. Wheeler and Paul C. Droz of Snow, Christensen & Martineau, Salt Lake City, Utah, for defendants-appellants.
 Mark I. Soler, Jan C. Costello, Loren M. Warboys of the Juvenile Justice Legal Advocacy Project, San Francisco, Cal., and Kathryn Collard of Collard, Kuhnhausen, Pixton & Downes, Salt Lake City, Utah, for plaintiffs-appellees.
 Before BARRETT, McKAY and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a motion to dismiss an appeal for lack of a final judgment. The underlying complaint in the action sought damages, injunctive and declaratory relief, and attorney's fees and costs. The case proceeded to trial where the jury found in favor of the defendants on the damage issues, but the trial court took the injunctive and attorney's fees issues under advisement. The court entered its order on August 25, 1980 granting a permanent injunction and finding the plaintiff the prevailing party entitled to attorney's fees. The court did not at that time fix the amount of the attorney's fees. Defendants filed a notice of appeal, denominated First Amended Notice of Appeal,[1] from the court's August 25, 1980 judgment on September 15, 1980, and it was assigned No. 80-1569 in this court. Plaintiff thereafter filed this motion to dismiss the notice of appeal on the ground that it was premature because the trial court had not fixed the attorney's fees. See Gurule v. Wilson, 635 F.2d 782 (10th Cir. 1980); A. O. Smith Corp. v. Sims Consolidated, 647 F.2d 118 (10th Cir. 1981). Before we had an opportunity to act on this motion, the trial court fixed the attorney's fees and entered final judgment on January 7, 1981. A notice of appeal denominated Second Amended Notice of appeal was filed from that judgment on January 27, 1981.
 
 
 2
 Although the September 15, 1980 notice of appeal from the August 25, 1980 non-final judgment cited only 28 U.S.C. § 1291, which requires that there be a final judgment before an appeal is taken pursuant to its provisions, the appeal was timely and properly brought pursuant to 28 U.S.C. § 1292, which provides for certain interlocutory appeals, as an appeal from the entry of a permanent injunction even though the trial court had not yet disposed of certain matters in the case. Neither the designation as an "amended" notice nor the failure to cite § 1292 is jurisdictionally fatal to this appeal. We therefore deny the motion to dismiss No. 80-1569.
 
 
 3
 The notice of appeal from the January 7, 1981 final judgment including the fixing of attorney's fees is timely and will be construed broadly in context to include all judgments and orders other than the entry of a permanent injunction. That appeal will be denominated in this court as No. 81-1407 and is hereby ordered consolidated with No. 80-1569.
 
 
 
 [1]
 An earlier notice of appeal had been filed from the granting of a preliminary injunction which became No. 79-1402 in this court. After the permanent injunction was entered, No. 79-1402 was dismissed because the preliminary injunction was merged with the permanent injunction, No. 80-1569