**Benson J. LAMP, Plaintiff-Appellant,**

v.

**Cecil ANDRUS, Secretary of the Department of the Interior, James L. Burski, Douglas E. Henriques, and Edward W. Stuebing, Administrative Judges, Interior Board of Land Appeals, and Milton Feinberg, Defendants-Appellees.**

**No. 81–1562.**

United States Court of Appeals,
Tenth Circuit.

Submitted on Briefs pursuant to Tenth
Circuit Rule 9, Aug. 21, 1981.

Decided Sept. 3, 1981.

**1168**

Craig R. Carver and James T. Burghardt of Head, Moye, Carver & Ray, Denver, Colo., for plaintiff-appellant.

Kay L. Richman, Dept. of Justice, Washington, D.C., for defendant-appellee Cecil Andrus, Secretary of Dept. of Interior.

Darrell R. Windham and Charles A. Beckham, Jr., of Kemp, Smith, Duncan & Hammond, El Paso, Tex., for defendant-appellee Milton Feinberg.

Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Plaintiff-appellant filed a complaint in the district court for the District of New Mexico, after transfer from the district court for the District of Columbia, pursuant to 28 U.S.C. § 1404(a) seeking review of a determination by the Secretary of the Interior and the Interior Board of Land Appeals that appellant was not the first qualified offerer and did not have first preference to a noncompetitive oil and gas lease. The complaint named the Secretary of the Department of Interior, the members of the Interior Board of Land Appeals and Mr. Milton Feinberg, the individual determined to have first priority to the lease, as defendants. On March 17, 1981, the district court dismissed the complaint as to Mr. Feinberg on the basis of the ninety-day limitation period established in 30 U.S.C. § 226–2. Appellant's notice of appeal was filed May 14, 1981.

The parties to this appeal were notified that the court was considering summary dismissal of the appeal for lack of appellate jurisdiction. In response to this notification, we have been informed that the district court entered an order on July 17, 1981 dismissing the complaint as to each and every defendant.

■ As here relevant, this court has appellate jurisdiction only over final judgments of the district courts. 28 U.S.C. § 1291; *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). A judgment is final and appealable when the court enters a decision which ends the litigation leaving nothing to be done except execution of the judgment. *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). To be final, a judgment must fully inform the losing par-

ty of the extent of the remedy afforded against it. *See Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976).

■ Finality in this case is controlled by Fed.R.Civ.P. 54(b) which provides that a judgment which "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is subject to revision and, therefore, is not final in the absence of a determination that "there is no just reason for delay and upon an express direction for entry of judgment." The district court's order filed March 17, 1981 expressly adjudicated only the appellant's claim against Mr. Feinberg. No Rule 54(b) determination was made regarding the order. The March 17, 1981 order was therefore, a non-appealable judgment. *See A. O. Smith Corp. v. Sims Consolidated, Ltd.*, 647 F.2d 118 (10th Cir. 1981); *Golden Villa Spa, Inc. v. Health Industries, Inc.*, 549 F.2d 1363 (10th Cir. 1977).

Appellant argues that since Mr. Feinberg was an indispensable party under Fed.R. Civ.P. 19, the district court intended his dismissal to act as a dismissal of the complaint as to all defendants. To address the jurisdictional question now before the court, we need not determine if Mr. Feinberg was, in fact, an indispensable party. In either event, the judgment appealed from was not final.

■ First, Rule 54(b) requires an "express determination" and "express direction" for entry of a judgment adjudicating fewer than all the claims of the parties. Any other judgment, "however designated" will not satisfy Rule 54(b)'s requirement. Second, the purpose of Rule 54(b) is to limit ambiguity as to the appealability of the judgments entered during the course of litigation involving multiple claims or multiple parties. To require a reviewing court to consider the intentions of the district judge, in the face of and contrary to an explicit judgment, would not help to further maintain clearly defined rules of appellate jurisdiction. Rule 54(b), therefore, does not contemplate "implicit adjudication" of claims.

■ Finally, appellant suggests that we construe the district court's order filed July 17, 1981 as entered nunc pro tunc to March 17, 1981, the date the original judgment was filed. Again, we must refuse this suggestion. Appellate jurisdiction is initially determined as of the date the notice of appeal is filed. All appellate jurisdictional prerequisites must be satisfied as of that date. *Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563 (10th Cir.), *cert. dismissed*, 444 U.S. 987, 100 S.Ct. 516, 62 L.Ed.2d 417 (1979). The judgment in this case did not become final and appealable until July 17, 1981; therefore, we did not and cannot now obtain jurisdiction over the appeal by the notice filed May 14, 1981.

Accordingly, No. 81–1562 is dismissed as an attempt to appeal a nonfinal judgment. The appellant has sixty days from July 17, 1981 to perfect an appeal from the district court's final judgment. Fed.R.App.P. 4(a)(1). *See Milonas v. Williams*, 648 F.2d 688 (10th Cir. 1981).

Appeal dismissed.