851 F.2d 316
 11 Fed.R.Serv.3d 976
 FEDERAL SAVINGS & LOAN INSURANCE CORPORATION, as receiver
for North Kansas Savings Association,
Plaintiff-Appellant-Cross-Appellee,
v.
Howard D. HUFF, Donald R. Pierce; William C. Chaffee;
Gertrude Erickson; Charles Fleming; Robert F.
Johnson; Mark Eaton; John Highland and
Pat G. Waggoner, Defendants-Appellees,
Fidelity & Deposit Company of Maryland, Defendant-Appellee,
Cross-Appellant.
 Nos. 86-1598, 86-1599.
 United States Court of Appeals,
Tenth Circuit.
 July 5, 1988.
 
 J. Emmett Logan, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., and P. John Owen, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., and Harry W. Quillian, Acting Gen. Counsel, Ralph W. Christy, Deputy Gen. Counsel, William K. Black, Sr. Associate Gen. Counsel, and Dorothy L. Nichols, Trial Atty., Office of the Gen. Counsel, Federal Home Loan Bank Bd., Washington, D.C., for plaintiff-appellant-cross-appellee.
 Charles W. Hess, Linde Thompson Langworthy Kohn & Van Dyke, P.C., Overland Park, Kan., for defendants-appellees.
 Before HOLLOWAY, McKAY, SEYMOUR, MOORE, ANDERSON, TACHA, BALDOCK, and BRORBY, Circuit Judges.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 This is one of three cases[1] which the court on its own motion has taken en banc for the purpose of reviewing its position on the efficacy of prematurely filed notices of appeal in various circumstances.[2] In this civil case the Federal Savings & Loan Insurance Corporation ("FSLIC"), as receiver for a financial institution, brought an action against former officers and directors of the institution, and its bonding company. Counterclaims and cross-claims were filed seeking indemnification and contribution.
 
 
 2
 On April 2, 1986, the district court, without specifically addressing or dismissing the counterclaims and cross-claims, entered an order granting the defendants' motions to dismiss the action for lack of subject matter jurisdiction 631 F.Supp. 1350. On April 11, 1986, FSLIC filed a notice of appeal. On April 14, 1986, the district court entered an order dismissing all cross-claims and counterclaims. On April 15, 1986, the clerk entered a judgment of dismissal. No prior certification pursuant to Fed.R.Civ.P. 54(b) was obtained, and no further notice of appeal was filed by the FSLIC. The question is whether the notice of appeal filed on April 11, 1986, was effective in conferring jurisdiction on this court under 28 U.S.C. Sec. 1291.
 
 
 3
 We hold that we have jurisdiction over the appeal in this case. We explained in Lewis v. B.F. Goodrich Co., 850 F.2d 641 (10th Cir.1988), that:
 
 
 4
 "[W]hen a district court has adjudicated all remaining outstanding claims before this appellate court acts to dismiss the appeal, we will consider the appeal on its merits rather than dismiss for lack of jurisdiction, whether or not a party in the meantime has obtained a Rule 54(b) certification. In such cases generally we will consolidate or companion the earlier appeal with any subsequent appeals arising out of the same district court case.
 
 
 5
 "When the district court case is still ongoing at the time the appeal reaches this court's attention, two possibilities arise. One is that a belated Rule 54(b) certification has been obtained. In this situation, if the appellant obtains a 54(b) certification after the notice of appeal was filed, we will deem the notice of appeal to ripen as of the date of certification and will accept the jurisdiction pursuant to the savings provision of Fed.R.App.P. 4(a)(2). The other possibility is that no Fed.R.Civ.P. 54(b) certification has been obtained. For this, we hereby adopt the practice of notifying the parties of our observation of the apparent jurisdictional defect and giving them a date certain by which to secure Rule 54(b) certification or an order or judgment explicitly adjudicating all remaining claims. If no certification, or final, dispositive adjudication, is obtained and presented to this appellate court by the specified date, the case will be dismissed summarily for lack of appellate jurisdiction."
 
 
 6
 Id. at 645-646.
 
 
 7
 Based on our holding in Lewis, the appeal in this case can be viewed as having ripened when the district court formally dismissed the cross-claims and counterclaims, leaving nothing unadjudicated in the suit. That does not complete our analysis, however.
 
 
 8
 The position of FSLIC is that the appeal was not premature. It contends that an order dismissing an action for want of subject matter jurisdiction necessarily disposes of counterclaims or cross-claims whether or not they are referred to in the order.[3] Also, it is undisputed that the counterclaims and cross-claims in this case were substantively dependent upon the FSLIC action. FSLIC contends that an order dismissing a complaint is final for purposes of appeal when pending claims depend on the action dismissed, since, as a practical matter, the dependent claims lose their legal footing.
 
 
 9
 There is some support for FSLIC's argument. In Manufacturers Cas. Ins. Co. v. Arapahoe Drilling Co., 267 F.2d 5 (10th Cir.1959), this court generally addressed the status of counterclaims upon the failure of a complaint, and stated as to the counterclaim in that case:
 
 
 10
 "So completely was the specific counterclaim related in practical effect to the outcome of plaintiff Campbell's cause of action that it became meaningless upon dismissal of the complaint. A claim for a money judgment, the amount to be determined by reference to a then existing but unliquidated claim made by a stranger, has no existence in law except as it may be contained through specific joinder procedures allowed by and dependent upon the suit of the stranger."
 
 
 11
 Id. at 8 (emphasis added).
 
 
 12
 Additionally, this court has on at least one occasion given effect to a notice of appeal filed before the dismissal of dependent claims, although the point there was one of the practical effect of the order appealed from, rather than the legal effect of the dismissal of an action. In Morris v. Uhl & Lopez Engineers, Inc., 442 F.2d 1247 (10th Cir.1971), a decision which we have expressly reaffirmed, with certain modifications, in Lewis, we held that a notice of appeal from an order which failed to deal specifically with dependent claims for indemnity was effective to confer appellate jurisdiction even though no Rule 54(b) certification was obtained. However, even though we noted the practical effect of the order appealed from, we focused on the fact that a subsequent judgment was entered in the case, and spoke of the notice of appeal "ripen[ing] into full effectiveness as to the rendered judgment ..." Id. at 1250 (emphasis added). We stated that:
 
 
 13
 "[T]his Court properly could refuse at the time to dismiss the appeal on the notice that was filed; that it had the right to continue the notice in effect, to retain jurisdiction of the appeal thereunder in the natural ripening of the judgment into formal finality, and to deal with the merits of the appeal thereon unless intervening elements or events should give defeasance to the effect or application of the notice; ..."
 
 
 14
 Id. at 1250-51. It is apparent from our expressions in Morris that we regarded the notice of appeal as premature, at least in some respects. Our decision in Frankfort Oil Co. v. Snakard, 279 F.2d 436, 438-39 (10th Cir.), cert. denied, 364 U.S. 920, 81 S.Ct. 283, 5 L.Ed.2d 259 (1960), is generally consistent. We held that a notice of appeal prior to the disposition of all claims, and prior to any Rule 54(b) certification, ripened into full effectiveness upon the filing of a supplemental record establishing the disposition or abandonment of all claims. See also Century Laminating, Ltd. v. Montgomery, 595 F.2d 563, 566 (10th Cir.), cert. granted, 444 U.S. 897, 100 S.Ct. 204, 62 L.Ed. 2d 132, cert. dismissed, 444 U.S. 987, 100 S.Ct. 516, 62 L.Ed.2d 417 (1979) (discussion of Morris ).
 
 
 15
 There is language in a decision by the Seventh Circuit which is somewhat closer to the mark. In American Family Mut. Ins. Co. v. Jones, 739 F.2d 1259 (7th Cir.1984), the district court granted summary judgment disposing of the main action, but failed specifically to dismiss a pending counterclaim which depended upon the existence of the main cause of action. Shortly thereafter the district court entered a nunc pro tunc judgment amending the initial judgment to comply with Rule 54(b). The appeal followed; thus, there was no question in the case of the effectiveness of the appeal to confer appellate jurisdiction. However, in dicta in a footnote, the appellate court said that the district court's use of Rule 54(b) was unnecessary because the judgment on the main cause effectively disposed of the counterclaim "as a practical matter." Id. at 1262 n. 1. The court also observed that the parties had not briefed the issue, and that the better practice would have been for the district court to dispose of the counterclaim in the original judgment because the counterclaim could not logically survive that judgment.
 
 
 16
 There are views contrary to the FSLIC position, at least as to the practical effect of an order dismissing a complaint. In Owens v. Aetna Life & Cas. Co., 654 F.2d 218 (3rd Cir.), cert. denied, 454 U.S. 1092, 102 S.Ct. 657, 70 L.Ed.2d 631 (1981), a summary judgment was granted disposing of the entire case, as a practical matter. The judgment failed formally to dismiss a dependent cross-claim for contribution or indemnity. The losing party waited for the district court to enter an additional order dismissing the action, noting withdrawal of the cross-claim, before filing an appeal. The appeal was challenged as being too late because the initial summary judgment had the practical effect of a final adjudication. In denying that motion the Third Circuit said:
 
 
 17
 "[U]nder Fed.R.Civ.P. 54(b), the July 25 order was a judgment as to 'fewer than all of the claims or parties,' and absent certification, was not appealable until August 13, 1979 when Judge Fisher filed an additional order dismissing the action after noting that the outstanding cross-claim had been withdrawn. We recognize that as a practical matter Aetna's pending cross-claim for contribution/indemnity became groundless once Aetna's motion for summary judgment was granted. However, to read 'practicalities' into the already plain language of Rule 54(b) would only foster uncertainty in an area of the law that must remain clear."
 
 
 18
 Owens, 654 F.2d at 220 n. 2. See generally 6 J. Moore, W. Taggart, and J. Wicker, Moore's Federal Practice, p 54.35 at 54-226 to 54-228 (2d ed. 1987).
 
 
 19
 This court expressed a similar view in Lamp v. Andrus, 657 F.2d 1167 (10th Cir.1981), relying on A.O. Smith Corp. v. Sims Consolidated, Ltd., 647 F.2d 118 (10th Cir.1981). In Lamp, we held that an order which did not expressly dismiss contingent defendants was not appealable without a Rule 54(b) certification, even though its practical effect was to terminate the entire action. We said that the notice of appeal from the order was premature in that it failed to satisfy the express requirements of Rule 54(b), and thrust the court into an area of ambiguity as to the appealability of judgments or orders entered during the course of litigation involving multiple claims or multiple parties:
 
 
 20
 "To require a reviewing court to consider the intentions of the district judge, in the face of and contrary to an explicit judgment, would not help to further maintain clearly defined rules of appellant jurisdiction. Rule 54(b), therefore, does not contemplate 'implicit adjudication' of claims."
 
 
 21
 Id. at 1169. Accord In re UNR Industries, Inc., 725 F.2d 1111, 1116 (7th Cir.1984) (appeal must be from actual order, not the implication of that order).
 
 
 22
 We overruled A.O. Smith and Lamp in Lewis, leaving our decisions in Morris, Manufacturers Cas. Ins. Co., and Snakard in effect. However, none of those decisions are directly controlling here. Each can be distinguished.
 
 
 23
 We acknowledge the logical force of the FSLIC position, that the dependent cross-claims and counterclaims lost their substantive and jurisdictional footing when the district court dismissed FSLIC's action. Dismissal of an action might very well be finally dispositive and appealable. However, for notice of appeal purposes, there remains a technical difference between the practical collapse of dependent claims and an explicit dismissal of those claims. There also exists a question of the reach of Rule 54(b).
 
 
 24
 More important, the salutary goal of certainty with respect to jurisdiction of appeals is unsatisfied by appeal from an order dismissing an action or a complaint, leaving dependent claims expressly unadjudicated. In such circumstances the appellate court, and the parties themselves, must investigate the nature of the order from which the appeal was taken, the action itself, and the claims which were not addressed by the district court. For example, the order may omit reference to the action, requiring the appellate court to examine the record to determine whether dismissal was of the action or the complaint. The case before us illustrates the point. The order made no explicit reference to the action, but FSLIC assures us the court meant to dismiss the action. In support, FSLIC refers us to the terms of the defendants' motion to dismiss, to language in the supporting brief in the district court, and to language in the subsequent order of the district court. Plaintiff-Appellant's Supplemental Brief on Appellate Jurisdiction at 2; Plaintiff-Appellant's Response to Order to Show Cause at 5. We note as well that the district court itself felt it necessary to enter a further order specifically disposing of the remaining claims.
 
 
 25
 It is also possible that by inadvertence a district court order could refer to dismissal of the action, when in reality the court meant to dismiss the complaint. Complaints, of course, can be amended in various circumstances. In that and other situations, the appellate court must examine both the nature of the order and the unadjudicated claims for the existence, or lack, of an independent basis for ongoing jurisdiction in the district court.[4] Failing such examination the court is faced with the potential for delay and increased work from subsequent motions to dismiss the appeal as premature. Engaging in the examination needlessly consumes valuable time.
 
 
 26
 In short, our reluctance in Lamp to consider the intentions of the district judge, and to engage in "implicit adjudication," is still persuasive in the context of appeals from orders dismissing actions or complaints, but leaving dependent claims expressly unadjudicated.
 
 
 27
 The alternatives established in Lewis, as set out earlier in this opinion, are sufficient to insure both fairness and certainty. They reduce inconvenience and cost, yet, on balance, hasten rather than delay attention to appeals on the merits. Parties in a position similar to that of FSLIC in this case do not lose their appeal on a technicality when they file prematurely, and fail to file a new notice of appeal from the order dismissing remaining, dependent claims, or from a partial judgment under Rule 54(b). The appellate court, and parties, may look directly to explicit, fully dispositive orders and judgments for jurisdictional considerations. Time and expense are saved by not having to search through the record, or consider motions and arguments of the parties relating to the meaning of orders referring to only part of the suit below.[5] Additionally, there will be no question of the ongoing jurisdiction of the district court to enter the necessary additional orders.[6]
 
 
 28
 Of course, in all these instances it would be much simpler, and far more desirable, if the parties simply asked the district court to enter a separate judgment, as required by Fed.R.Civ.P. 58, or a partial judgment under Rule 54(b), and, if appropriate in the circumstances, provide the court with a suggested form of judgment for the purpose. It would save both time and effort, including the necessary review of cases like this, if counsel would simply insure that compliance with these very simple and explicit rules is observed.
 
 
 29
 IT IS SO ORDERED.
 
 
 30
 BALDOCK, Circuit Judge, with whom BRORBY, Circuit Judge, joins, concurring in part and dissenting in part.
 
 
 31
 I agree with the majority that generally there must be an express dismissal of not only the complaint or action, but also of any cross-claims and counterclaims, for an appealable final order to result. Fed.R.Civ.P. 54(b). For the reasons expressed in the dissent in Lewis v. B.F. Goodrich Co., 850 F.2d 641, 646-648 (10th Cir.1988)(Baldock, J., dissenting), I respectfully dissent from the holding that the court has jurisdiction over this appeal. I cannot agree that the notice of appeal, which was filed before dismissal of the counterclaims and crossclaims, was effective. While the procedures adopted in Lewis insure that more appeals will be resolved on the merits, these procedures are not in keeping with a strict interpretation of this court's limited jurisdiction and the notion that a party is responsible for filing a timely notice of appeal.
 
 
 32
 I would dismiss the appeal for lack of jurisdiction.
 
 
 
 [1]
 Lewis v. B.F. Goodrich Co., 850 F.2d 641 (10th Cir.1988); United States v. Green, 847 F.2d 622 (10th Cir.1988)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument
 
 
 [3]
 In Sherr v. Sierra Trading Corp., 492 F.2d 971, 978 (10th Cir.1974), we said: "It is well settled that an order dismissing the action, as distinguished from dismissal of the complaint, is a final judgment."
 
 
 [4]
 In Manufacturers Cas. Ins. Co., 267 F.2d at 8, we described the three premises which must exist for a counterclaim to survive the jurisdictional failure of a complaint. Of course, any pending motion falling within Fed.R.App.P. 4(a)(4) places a case in a different posture for purposes of an effective notice of appeal. See generally Century Laminating, Ltd. v. Montgomery, 595 F.2d 563 (10th Cir.1979) (a decision rendered prior to the amendment of Fed.R.App.P. 4(a), but aptly expressing the rationale supporting the ongoing nature of proceedings in the district court when the type of motions described in Fed.R.App.P. 4(a)(4) are pending)
 
 
 [5]
 This approach is, we believe, consistent with the theme of practicality expressed by the Supreme Court in Gillespie v. U.S. Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964):
 "[O]ur cases long have recognized that whether a ruling is 'final' within the meaning of Sec. 1291 is frequently so close a question that decision of that issue either way can be supported with equally forceful arguments, and that it is impossible to devise a formula to resolve all marginal cases coming within what might well be called the 'twilight zone' of finality. Because of this difficulty this Court has held that the requirement of finality is to be given a 'practical rather than a technical construction.' Cohen v. Beneficial Industrial Loan Corp., supra, 337 U.S., at 546 [69 S.Ct. 1221, 1226, 93 L.Ed. 1528]. See also Brown Shoe Co. v. United States, 370 U.S. 294, 306 [82 S.Ct. 1502, 1513, 8 L.Ed.2d 510]; Bronson v. Railroad Co., 2 Black 524, 531 [17 L.Ed. 347, 359]; Forgay v. Conrad, 6 How. 201, 203 [12 L.Ed. 404]. Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511 [70 S.Ct. 322, 324, 94 L.Ed. 299], pointed out that in deciding the question of finality the most important competing considerations are 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.' "
 Id. at 152-53, 85 S.Ct. at 311.
 
 
 [6]
 We emphasize that our ruling in this case relates strictly to those cases in which there are pending claims unadjudicated by the order from which an appeal is taken. In a case where there are no such claims, an order dismissing the complaint may, in certain circumstances, be regarded as final and appealable. See generally, Sherr v. Sierra Trading Corp., 492 F.2d 971, 978 (10th Cir.1974). See generally Budde v. Ling-Temco-Vought, Inc., 511 F.2d 1033, 1036-37 (10th Cir.1975); Atkins v. Morgan, 364 F.2d 822, 823 (10th Cir.) cert. denied, 385 U.S. 880, 1587 S.Ct. 164, 17 L.Ed.2d 107 (1966); Garrison v. Lacey, 362 F.2d 798, 799 (10th Cir.1966), cert. denied, 387 U.S. 911, 87 S.Ct. 1696, 18 L.Ed.2d 630 (1967); Smith v. Serna, 367 F.2d 324 (10th Cir.1966); Coniston Corp. v. Village of Hoffman Estates, 844 F.2d 461, 463 (7th Cir.1988); Kilkenny v. Arco Marine, Inc., 800 F.2d 853, 855-56 (9th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1575, 94 L.Ed.2d 766 (1987)