638 A.2d 392

Lynn A. SMAHA, M.D., Ph.D., Director; William C. Luft, M.D., Director; Roy E. Wert, M.D., Director; and Sidney G. Ranck, M.D., Director, as Directors of and on behalf of Guthrie Healthcare System

v.

Robert J. LANDY, Richard W. Botnick, Ralph H. Meyer, and Guthrie Healthcare System,

Appeal of Robert J. LANDY, Appellant.

Lynn A. SMAHA, M.D., Ph.D., Director; William C. Luft, M.D., Director; Roy E. Wert, M.D., Director; and Sidney G. Ranck, M.D., Director, as Directors of and on behalf of Guthrie Healthcare System

v.

Robert J. LANDY, Richard W. Botnick, Ralph H. Meyer, and Guthrie Healthcare System,

Appeal of Ralph H. MEYER, Appellant.

Lynn A. SMAHA, M.D., Ph.D., Director; William C. Luft, M.D., Director; Roy E. Wert, M.D., Director; and Sidney G. Ranck, M.D., Director, as Directors of and on behalf of Guthrie Healthcare System

v.

Robert J. LANDY, Richard W. Botnick, Ralph H. Meyer, and Guthrie Healthcare System,

Appeal of Richard W. BOTNICK, Appellant.

Lynn A. SMAHA, M.D., Ph.D., Director; William C. Luft, M.D., Director; Roy E. Wert, M.D., Director; and Sidney G. Ranck, M.D., Director, as Directors of and on behalf of Guthrie Healthcare System

v.

Robert J. LANDY, Richard W. Botnick, Ralph H. Meyer, and Guthrie Healthcare System,

Appeal of GUTHRIE HEALTHCARE SYSTEM, Appellant.

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1993.

Decided Feb. 16, 1994.

Reargument Denied April 19, 1994.

138

Morey M. Myers, for appellant Landy.

John M. Elliott, for appellant Guthrie Healthcare System.

Gregory M. Luce and Robert L. Byer, for appellees.

Before McGINLEY and KELLEY, JJ., and RODGERS, Senior Judge.

KELLEY, Judge.

Appellants Robert J. Landy, Ralph H. Meyer, Richard W. Botnick, and Guthrie Healthcare System (GHS) have filed notices of appeal seeking review of an order of the Court of Common Pleas of Bradford County (trial court) dated September 22, 1993, granting appellees', Lynn A. Smaha, M.D., William C. Luft, M.D., Roy E. Wert, M.D. and Sidney G. Ranck, M.D., motion to strike all documents filed with the trial court purportedly on behalf of GHS. In response, the appellee directors have filed an application to quash the appeals and motion to dismiss appeal on the basis that the trial court's order is not a final appealable order.

The undisputed facts of this case are as follows. Appellant GHS is a Pennsylvania nonprofit corporation. Currently, GHS is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. The appellee directors and the individual appellants are members of the board of directors of GHS. There are a total of eleven directors on the board of GHS, consisting of four physician directors and seven lay directors. The appellee directors are physician directors and the individual appellants are lay di-

rectors. Appellants and the appellee directors have stipulated before this court that there are no members of GHS.

Under the by-laws of GHS the four physician directors of the board of directors of GHS, the appellee directors, shall also be members of Guthrie Clinic, Ltd. (Guthrie Clinic). Guthrie Clinic is a Pennsylvania professional corporation. It is also exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. Guthrie Clinic is a separate corporate entity and not a subsidiary of GHS.

In January 1990, GHS and Guthrie Clinic entered into an affiliation through a written agreement.[1] The purpose of the affiliation was to reorganize GHS [2] with the general effect of vesting in the board of directors and executive committee of the board of GHS the oversight, planning, and operations of Guthrie Clinic, while reserving to the physician members of the Clinic certain fundamental elements of control and the continued election by Guthrie Clinic physicians of the Guthrie Clinic's own board of directors. The 1990 reorganization also included certain mandated levels of participation by the Guthrie Clinic physicians on the GHS board of directors which included the required presence of at least two physician directors to constitute a quorum and voting in the affirmative to conduct any business.

On or about May 7, 1993, the appellee directors filed a three-count complaint as directors and on behalf of GHS against the individual appellants and GHS in the trial court seeking to remove three corporate directors, to review contested corporate action, and to enforce secondary rights for money damages for injuries allegedly inflicted on GHS. The complaint alleged that the individual appellants had engaged in self-dealing, wasted corporate assets, breached fiduciary

1. Donald Guthrie Foundation for Medical Research, Inc., a Pennsylvania nonprofit corporation qualified as an exempt organization pursuant to section 501(c)(3) of the Internal Revenue Code was also a party to this agreement.

2. Prior to January 1, 1990, GHS was known as the Guthrie Medical Center. Pursuant to the January 1990 agreement, Guthrie Medical Center reorganized and became known as Guthrie Healthcare System.

duties and grossly abused their authority and discretion as directors of GHS.[3]

On or about August 12, 1993, the trial court issued a discovery schedule and scheduled a preliminary hearing date of October 12, 1993. Thereafter, the deposition of appellant Meyer was scheduled by appellees for September 23, and 24, 1993.

On or about September 1, 1993, the individual appellants filed preliminary objections to the complaint seeking a dismissal of the complaint. On or about September 10, 1993, the appellee directors filed a preliminary objection and motion to strike all documents filed in the case on behalf of GHS by the law firms of Akin, Gump, Strauss & Feld, L.L.P. and Elliott, Vanaskie & Riley.

The gravamen of the appellee directors' preliminary objection and motion to strike was that these two law firms were not properly authorized to represent GHS before the trial court because the board of directors of GHS had not authorized the participation of GHS in the suit or the hiring of counsel. The appellee directors alleged that under GHS's corporate bylaws, the affirmative vote of at least two of the appellees, as physician directors, was required for any quorum and for any corporate action taken by the board.

On September 22, 1993, the trial court entered the following order granting the appellee directors' preliminary objection and motion to strike:

> AND NOW, this 22nd day of September, 1993, Plaintiffs' motion to strike all documents purportedly on behalf of Defendant Guthrie Healthcare System is granted, as the unique corporate structure established by the Guthrie Healthcare System By-laws does not enable or authorize the office of the president of Guthrie Healthcare System to undertake action on behalf of Guthrie Healthcare System in litigation of the nature brought by Plaintiffs' complaint.

---

3. The fate of GHS's tax exempt status for prior tax years will be determined by a full audit of GHS to be conducted by the Internal Revenue Service in the Spring of 1994.

On September 23, 1993, the appellee directors filed a motion for contempt, sanctions and to compel appellant Meyer to appear at his scheduled deposition at 9:00 a.m. on September 24, 1993. Argument on the appellee directors' motion was heard by the trial court that afternoon wherein the trial court concluded that its order of September 22 was interlocutory in nature and ordered that the deposition of appellant Meyer should go forward on September 24, 1993; however, the trial court postponed the starting time of the deposition until 1:00 p.m. for the purpose of providing Meyer's counsel a reasonable opportunity to seek a stay of the trial court's September 22, 1993 order from this court.

On September 23, 1993, appellant Meyer's counsel sought an oral emergency application for stay of the trial court proceedings pending the appeal of appellants GHS, Landy, Botnick and Meyer of the trial court's September 22, 1993 order. After consideration of appellant Meyer's ex parte oral emergency application for a stay, this court entered an order temporarily staying all proceedings in the trial court, including discovery, until further order of this court.

Thereafter, the individual appellants and GHS each filed notices of appeal and applications to continue the stay pending appeal of the trial court's September 22, 1993 order. In addition, GHS filed an application for special and permanent injunction pending appeal.

In response, the appellee directors filed with this court a motion to vacate the stay and dismiss appeal, an application to quash the appeals, and an application to postpone argument on GHS's application for special and permanent injunction pending appeal or, in the alternative, to bifurcate the proceedings.

On October 4, 1993, this court heard argument on the various applications and motions filed by the parties. At the argument, this court orally granted the appellee directors application to bifurcate the proceedings and postponed argument on GHS's application for special and permanent injunction pending appeal. By order dated October 18, 1993, this

court entered an order denying GHS's application for special and permanent injunction pending appeal without prejudice.[4]

On October 21, 1993, this court issued an opinion and order granting the individual appellants and GHS's applications for continuance of the stay pending appeal; denying the appellee directors' motion to vacate the stay; and ordering argument on the merits of appellants' appeals and the appellee directors' application to quash the appeals and motion to dismiss appeal before a three judge panel of this court.[5]

4. This court also entered an order on October 18, 1993, after argument via a telephone conference in which all parties participated, granting the appellee directors limited relief from the temporary stay entered by this court on September 23, 1993 for the sole purpose of filing a motion for coordination under Pa.R.C.P. 213.1 in the trial court. The appellee directors wished to consolidate an action brought by GHS in the Court of Common Pleas of Lackawanna County against counsel for the appellee directors seeking, *inter alia*, to enjoin the use of certain documents in the action filed by the appellee directors in the Court of Common Pleas of Bradford County.

5. Prior to argument of the present appeals before this court, on November 2, 1993, Guthrie Clinic commenced an action against Ralph E. Meyer, Robert J. Landy, Richard W. Botnick, William H. Ransom, III, John V. Sponyoe, Kenneth H. Taylor, Jr., and Thad E. Woodward, in their individual capacities, by filing a complaint and emergency petition for preliminary injunction without hearing and for permanent injunction in the Court of Common Pleas of Bradford County. The named individual defendants are the seven lay directors of the board of directors of GHS.

Guthrie Clinic's complaint was filed to prevent the seven individual defendants from engaging in conduct which allegedly threatened immediate and irreparable harm to Guthrie Clinic. On November 3, 1993, the trial court issued an order enjoining the individual named defendants from numerous acts.

On November 4, 1993, appellants requested a stay of the trial court's November 3, 1993 order and GHS made an oral motion before the trial court to intervene in the trial court proceedings. On November 5, 1993, the trial court entered an order denying appellants application for a stay; however, the trial court did not specifically rule on GHS's oral motion to intervene.

On November 5, 1993, appellants filed an emergency application to vacate ex parte preliminary injunction and to stay proceedings pending appeal. Appellants had previously filed notices of appeal from the trial court's November 3, 1993 order with this court on November 4, 1993. In response, Guthrie Clinic filed an application to quash the appeal of GHS. By order of November 8, 1993, this court stayed the proceedings in the trial court pending further order of this court.

## I. APPLICATION TO QUASH

▇ This court will first address the appellee directors' application to quash appeals and motion to dismiss appeal. The appellee directors contend that this court lacks subject matter jurisdiction because the trial court's order of September 22, 1993, is not a final appealable order under the recently amended Pennsylvania Rule of Appellate Procedure 341 effective July 6, 1992.[6]

On November 12, 1993, this court denied GHS's emergency application to vacate ex parte preliminary injunction; stayed all proceedings before the trial court; ordered that the appeals from the trial court's November 3, 1993 order be argued in seriatim with the appeals of the appellants in the instant case; and ordered that Guthrie Clinic's application to quash appeal of GHS be argued at the same time as the merits.

The disposition of the appeals from the trial court's November 3, 1993 order and Guthrie Clinic's application to quash the appeal of GHS is addressed in a separate opinion and order of this court filed simultaneously with the present opinion and order.

6. Pa.R.A.P. 341, amended effective July 6, 1992, provides, in part, as follows:

**Rule 341. Final Orders; Generally**

(a) **General Rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of ... [a] lower court.

(b) **Definition of Final Order.** A final order is any order that:

(1) disposes of all claims or of all parties; or

(2) any order that is expressly defined as a final order by statute; or

(3) any order entered as a final order pursuant to subsection (c) of this rule.

(c) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims or parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims or parties shall not constitute a final order.

(1) An order may be amended to include the determination of finality within 30 days of entry of the order. A notice of appeal or a petition for review may be filed within 30 days after entry of an order as amended, unless a shorter time period is provided in Rules 903(c) or 1512(b).

In support of their position, the appellee directors argue that (1) the trial court's order does not dispose of any party to the action; (2) the trial court's order would not be appealable even if it had dismissed GHS from the action as Pa.R.A.P. 341 makes no exception for an order dismissing an indispensable party; and (3) disqualification of counsel does not result in a final order under the amended Pa.R.A.P. 341.

In response, appellants argue that this court does have subject matter jurisdiction because the trial court's order is appealable: (1) as a final order because it had the practical effect of terminating the entire case because it disposed of an indispensable party, GHS; or (2) as a collateral order because it raises issues that are collateral to and separate from the main cause of action. In addition, appellants contend that this court may treat the appellants' notices of appeal as petitions for review and, thereafter, acquire jurisdiction by granting those petitions.

■■■■ This court believes that the trial court's September 22, 1993 order is a final appealable order under Pa.R.A.P. 341 because it effectively terminated the entire case by disposing of an indispensable party, GHS. A party is an indispensable party when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. *Pennsylvania Association of Rehabilitation Facilities v. Foster,* 147 Pa.Commonwealth Ct. 487, 608 A.2d 613 (1992). Any decree or order of a court is rendered null and void for want of jurisdiction if an indispensable party is not a party to the proceedings out of which the decree or order of court arose. *Zerr v. Department of Environmental Resources, Bureau of State Parks,* 131 Pa.Commonwealth Ct. 317, 570 A.2d 132 (1990).

> (2) The trial court or other governmental unit is required to act on an application for a determination of a finality under subdivision (c) within 30 days of entry of the order. During the time an application for determination for finality is pending, the action will be stayed. Any denial of such an application shall be reviewable only for abuse of discretion pursuant to Chapter 15.

■ In the present case, the appellee directors filed suit in the trial court to remove the individual appellants as directors from the board of GHS. Under section 103 of the Pennsylvania Nonprofit Corporation Law (Law),[7] in an action to remove members of a board of directors of a nonprofit corporation, the corporation *shall* be made a party to such action. (Emphasis added.) By striking all the pleadings filed on behalf of GHS, by the two law firms representing it, the trial court in effect struck GHS as a party to the action whose presence as a party is statutorily required. In light of the requirement under the Law that GHS shall be a party to the action, the trial court's order prevents the action from continuing until GHS, a statutorily required and indispensable party, is once again an active participating party to the action. The only means by which GHS can be an active participating party is by being represented by counsel. It is axiomatic that GHS, as a corporation, must have counsel in order to proceed in any action as a corporation cannot represent itself. *Walacavage v. Excell 2000, Inc.*, 331 Pa.Superior Ct. 137, 480 A.2d 281 (1984).

This court understands and does not take lightly the appellee directors' concern that a judicially created exception to Pa.R.A.P. 341 would result in more protective appeals being filed every time an order dismisses a party. In addition, this court is aware that the amendments to Pa.R.A.P. 341 were meant to create a bright-line test as to final orders and to eliminate piece-meal litigation. *See Bell v. State Farm Mutual Automobile Insurance Company*, 430 Pa.Superior Ct. 435, 634 A.2d 1137 (1993). However, the determinative factor in this case is that a statute exists requiring the presence of GHS as a party to the underlying action thereby rendering GHS an indispensable party.

7. 15 Pa.C.S. § 5726. Section 103(c) of the Law provides as follows:

> **(c) By the court**—The court may, upon petition of any member or director, remove from office any director in case of fraudulent or dishonest acts, or gross abuse of authority or discretion with reference to the corporation, or for any other proper cause, and may bar from office any director so removed for a period prescribed by the court. The corporation shall be made a party to such action.

The appellee directors refer this court to a Tenth Circuit case, *Lamp v. Andrus*, 657 F.2d 1167 (10th Cir.1981), *overruled on other grounds, Lewis v. B.F. Goodrich Co.*, 850 F.2d 641 (10th Cir.1988), stating that the Tenth Circuit rejected an indispensable party argument very similar to that being made by appellants in these appeals. *Lamp* involved the question of whether an order was final under Fed.R.Civ.P. 54(b).

In *Lamp*, the appellant argued that a certain party was indispensable under Fed.R.Civ.P. 19; therefore, the district court intended his dismissal to act as a dismissal of the complaint as to all defendants. *Lamp*, 657 F.2d 1167. The *Lamp* court stated that "to address the jurisdictional question now before the court, we need not determine if Mr. Feinberg was, in fact, an indispensable party." *Id.*

In the present case, as distinguished from the *Lamp* case, the presence of GHS as a party is statutorily mandated. By virtue of this requirement of the Law, that a nonprofit corporation shall be made a party to any court action to remove a director from its board of directors, GHS is an indispensable or necessary party. Consequently, the legislature has recognized that a nonprofit corporation's rights are so connected with the claims of the other parties in a suit to remove directors that its presence in any such suit is statutorily mandated.

Pennsylvania's Rules of Civil Procedure do not, and cannot, abridge, enlarge or modify substantive rights and jurisdiction established by statute. *See Sutton v. Miller*, 405 Pa.Superior Ct. 213, 592 A.2d 83 (1991). When a statute creates a cause of action including a designation of who may sue, satisfaction of such qualification becomes a jurisdictional prerequisite to the action thereunder. *Id.* This court believes that the same principal applies when a statute mandates who must be sued in a certain action. Therefore, a trial court could not grant any relief in the absence of GHS in a suit brought under the Law to remove a director or directors from its board of directors without infringing upon those rights. Furthermore, Pa.R.A.P. 341, while not making an exception

for an order dismissing an indispensable party, does not explicitly prohibit finality based upon the disposal of an indispensable party.

The appellee directors characterize the trial court's September 22, 1993 order as merely disqualifying GHS's chosen counsel from representing GHS in the underlying action and point out that both the notes to Pa.R.A.P. 341 and previous case law state that orders disqualifying counsel are not appealable as final orders. *See* Pa.R.A.P. 341 (Note); *Gamble v. Pennsylvania Turnpike Commission*, 135 Pa.Commonwealth Ct. 84, 578 A.2d 1366 (1990). We disagree.

The trial court's order does not merely disqualify GHS's counsel but strikes all papers purportedly filed on behalf of GHS thereby eliminating GHS from the action. As stated previously in this opinion, GHS is a statutorily mandated party and, as a nonprofit corporation, cannot act in a court of law without being represented by counsel.

Accordingly, the appellee directors' motion to quash appeals and motion to dismiss appeal are denied.[8]

## II. MERITS

Since the trial court's September 22, 1993 order eliminates an indispensable party to the underlying action, the order must be reversed. The striking of all papers filed on behalf of GHS effectively eliminated GHS, a statutorily mandated party, as a party to the action. Under the Law, GHS must be made a party to the suit the appellee directors have brought against the individual appellants. *See* 15 Pa.C.S. § 5726(c). Once a party to the suit, GHS can only be represented through counsel. This raises the issue of who or what body had the authority to engage counsel to represent GHS in the suit.

8. Since this court has determined that the trial court's September 22, 1993 order is appealable as a final order under Pa.R.A.P. 341, we need not address the issues of whether the trial court's order is appealable as a collateral order or whether this court should treat appellants' notices of appeals as petitions for review.

Appellants contend that (1) appellant Meyer had presumptive authority to appoint counsel to represent GHS; (2) the appellee directors conflicts of interest preclude their voting as GHS directors on questions regarding GHS's defense to the appellee directors suit brought in the trial court; and (3) the bylaws of GHS are void as against public policy.

The appellee directors argue that appellant Meyer lacked any statutory or corporate authority to appoint counsel for GHS in this matter and that the bylaws of GHS are consistent with the public policy of Pennsylvania.

It was stipulated to by the parties before this court that GHS, as a nonprofit corporation, has no members. Therefore, the question becomes whether or not appellant Meyer, as president of GHS, had the authority to engage counsel on behalf of GHS. This court believes that appellant Meyer had implied authority to engage counsel on behalf of GHS.

Under the bylaws of GHS, the only means by which the board of directors of GHS may ratify any action is by the affirmative vote of at least two of the appellee directors as physician directors. However, in the present situation, all of the appellee directors as physician directors of GHS must be deemed interested directors whose vote on the representation of GHS in the suit that the appellee directors have brought in the trial court must be viewed as a conflict of interest. *See Zitelli v. Dermatology Education and Research Foundation,* 534 Pa. 360, 633 A.2d 134 (1993). Consequently, without there being any members of GHS, the burden of protecting GHS's interests as a nonprofit corporation fell on the remaining disinterested directors and the president of GHS, appellant Meyer.

The appellee directors cite to this court certain sections of the Law and a memorandum opinion decided by the Court of Common Pleas of Lawrence County for the proposition that a president of a nonprofit corporation lacks the capacity to initiate a lawsuit on behalf of a corporation without the approval of the board of directors. *See* 15 Pa.C.S. §§ 5502 and 5721; *Airways Industries, Inc. v. Jay Weiner,* (No. 723 of

1993, Civ.Div., Lawrence County, filed November 23, 1993). Under the Law, a nonprofit corporation has the power "to sue and be sued, complain and defend and participate as a party or otherwise in any judicial, administrative, arbitrative or other proceeding in its corporate name." 15 Pa.C.S. § 5502(a)(2). The Law provides that this power "shall be exercised by or under the authority of ... a board of directors" unless otherwise provided by statute or in a bylaw adopted by the nonprofit corporation's members. 15 Pa.C.S. § 5721.

The appellee directors argue that it is clear under these sections of the Law that appellant Meyer, as president of GHS, lacked the authority to engage counsel on behalf of GHS because no statute or bylaw of GHS permits the president to exert such authority. But as this court has discussed previously, due to the conflict of interest of the appellee directors as physician directors, the board of directors of GHS cannot exercise such authority by ratifying an engagement of counsel on behalf of GHS because any ratification requires the affirmative vote of two of the physician directors. Accordingly, appellant Meyer must be bestowed with presumptive authority in the discharge of his duties as president to engage counsel on behalf of GHS in order to protect GHS's corporate interests in the underlying suit.

In addition, the disinterested directors of GHS are empowered with the authority to engage counsel on behalf of GHS pursuant to 15 Pa.C.S. § 5728. Under section 5728 of the Law, disinterested directors may authorize a transaction if "the material facts as to the relationship or interest as to the transaction are disclosed or are known to the board of directors and the board in good faith authorized the transaction by the affirmative votes of a majority of the disinterested directors even though the disinterested directors are less than a quorum." 15 Pa.C.S. § 5728.

Accordingly, the trial court's order of September 22, 1993 is

reversed.[9]

## *ORDER*

NOW, this 16th day of February, 1994, it is hereby OR-DERED that the order of the Court of Common Pleas of Bradford County, dated September 22, 1993, is reversed and the trial court is ordered to reinstate all papers purportedly filed on behalf of Guthrie Healthcare System and to proceed with the action at Docket No. 93EQ000196.

9. Due to this court's resolution of the merits of these appeals, it is not necessary for the court to address appellants' argument that the bylaws of GHS are void as against public policy.