JAMES MALOLEPSZY AND LYNN MALOLEPSZY, APPELLANTS,
v. STATE OF NEBRASKA, DEFENDANT AND THIRD-PARTY
PLAINTIFF, APPELLEE, AND CHAS. VRANA & SON
CONSTRUCTION CO., THIRD-PARTY DEFENDANT, APPELLEE.
699 N.W.2d 387

Filed July 1, 2005. No. S-04-667.

James E. Schaefer and Jill A. Daley, Senior Certified Law Student, of Gallup & Schaefer, for appellants.

Jon Bruning, Attorney General, and Matthew F. Gaffey for appellee State of Nebraska.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

James Malolepszy was injured in a motor vehicle accident which occurred in a highway construction zone. James and his wife, Lynn Malolepszy, appellants, sued the State of Nebraska, an appellee, in the district court for Douglas County. The State filed a third-party complaint against Chas. Vrana & Son Construction Co. (Vrana), the company contracted by the State to carry out the highway construction, and Charles Atkins, the driver of the other vehicle involved in the accident, who was subsequently dismissed as a party. The State filed a motion for summary judgment. On May 13, 2004, the district court granted the State's motion for summary judgment and dismissed the Malolepszys' petition against the State. The third-party action filed by the State against Vrana was not resolved in the May 13 order, and the district court did not direct the entry of a final judgment under Neb. Rev. Stat. § 25-1315(1) (Cum. Supp. 2004) as between the Malolepszys and the State. The Malolepszys appeal. Because there was no express adjudication of the State's third-party action against Vrana and the district court did not make an express determination and express direction to enter judgment on the Malolepszys' claim against the State as required by § 25-1315(1), this court is without jurisdiction, and we dismiss the appeal.

## STATEMENT OF FACTS

At approximately 12:30 p.m. on May 23, 2001, James was driving his black Jeep Cherokee in an easterly direction within a highway construction zone on West Dodge Road in Omaha, Nebraska. Lynn was driving another vehicle following him. At the time, the State, through the Department of Roads, was undertaking a highway construction project on West Dodge Road from approximately 155th to 170th Streets in Omaha; however, the roadway remained open for public travel, with one lane of traffic in each direction. As James traveled east, he approached the area where a bridge for 168th Street was being constructed over West Dodge Road. A pickup truck operated by Atkins was stopped along the south shoulder of the eastbound lane of West Dodge Road at 168th Street. Atkins' truck was facing in a northwesterly direction. When James was approximately one-half to one car length from where Atkins' truck was stopped, Atkins suddenly pulled out in front of James' Jeep, and the vehicles immediately collided. James was seriously injured in the collision.

On July 15, 2002, James filed an action against the State pursuant to the State Tort Claims Act. On March 18, 2003, an amended petition was filed which also named Lynn as a plaintiff. The Malolepszys asserted three causes of action: negligence, negligent infliction of emotional distress, and loss of consortium. They alleged, inter alia, that (1) the State had a duty to warn of the dangerous and hazardous conditions existing on the roadway and to utilize fundamental safety principles when routing traffic through construction and maintenance sites, (2) the State breached its duty when it failed in certain respects to provide adequate warnings and safe roadway conditions, and (3) the injuries which resulted from the collision were directly and proximately caused by the negligence of the State.

On August 13, 2003, the State filed a third-party complaint against Vrana and Atkins. In its third-party complaint, the State prayed that in the event of a judgment in favor of the Malolepszys against the State, the court award judgment in favor of the State against Vrana and Atkins in an amount proportional to the relative negligence of each third-party defendant. On March 17, 2004, Atkins was dismissed from the action on the State's motion. The State's action against Vrana remained pending.

On April 6, 2004, the State moved for summary judgment against the Malolepszys. A hearing on the motion was held on May 6. On May 13, the court entered an order sustaining the motion. In summary, the court concluded as a matter of law that Atkins was negligent and that his negligence was the sole proximate cause of the collision. In this regard, the court determined that the Department of Roads' design and construction choices were not relevant to examining the causes of the collision because the State was not bound to have anticipated or to have contemplated that a driver in Atkins' position would negligently enter an oncoming lane of traffic without yielding to traffic in that lane. The court determined that there were no factual issues regarding the proximate cause of the accident for a finder of fact to resolve, and it therefore sustained the State's motion for summary judgment and dismissed the Malolepszys' petition against the State. In the May 13 order, the court made no findings or orders regarding the State's pending third-party complaint against Vrana.

The Malolepszys filed a notice of appeal on May 27, 2004. On June 30, the Nebraska Court of Appeals issued an order for the Malolepszys to show cause why, in light of the fact that the May 13 order was silent with respect to the third-party action brought by the State against Vrana, the appeal should not be dismissed for lack of jurisdiction because there was no final, appealable order. In response, the Malolepszys filed an affidavit stating that they had not joined Vrana as a defendant and asserting that the May 13 order was final because it disposed of the claims set forth in their petition. The Court of Appeals ordered the appeal to proceed and ordered the parties to address in their briefs the jurisdictional issue regarding the applicability of § 25-1315(1) with respect to the third-party action brought by the State against Vrana. The appeal was subsequently moved to this court's docket.

## ASSIGNMENT OF ERROR

The Malolepszys assert that the district court erred in granting the State's motion for summary judgment.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *In*

*re Guardianship & Conservatorship of Woltemath,* 268 Neb. 33, 680 N.W.2d 142 (2004).

## ANALYSIS

■ Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *Smith v. Lincoln Meadows Homeowners Assn.,* 267 Neb. 849, 678 N.W.2d 726 (2004). We find it necessary to examine jurisdiction in this case. Section 25-1315(1) controls our analysis. Section 25-1315(1) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Although the district court in its May 13, 2004, order dismissed the Malolepszys' petition against the State, the court did not explicitly adjudicate the State's pending third-party claim against Vrana, and the court did not make the express determination and the express direction required by § 25-1315(1) in cases involving multiple claims or parties. Therefore, as explained below, we conclude that this court lacks jurisdiction over this case and that the appeal must be dismissed.

We noted in *Keef v. State,* 262 Neb. 622, 628, 634 N.W.2d 751, 758 (2001), that "[p]rior to the enactment of § 25-1315, an order that effected a dismissal with respect to one of multiple parties was a final, appealable order, and the complete dismissal with prejudice of one of multiple causes of action was a final,

appealable order" but that after the enactment of § 25-1315, the statute "permits a judgment to become final only under the limited circumstances set forth in the statute." We also noted that "by its terms, § 25-1315(1) is implicated only where multiple causes of action are presented or multiple parties are involved, and a final judgment is entered as to one of the parties or causes of action." 262 Neb. at 627-28, 634 N.W.2d at 757.

The Malolepszys contend that the requirements of § 25-1315(1) do not apply to their appeal because they did not join Vrana as a party and that instead, the State, by virtue of its third-party complaint, joined Vrana as a third party. The Malolepszys argue, in effect, that their action does not include a claim against Vrana. We reject the Malolepszys' argument. By its terms, § 25-1315(1) encompasses actions in which "more than one claim for relief is presented . . . whether as a claim, counterclaim, crossclaim, or third-party claim." Because the present case undeniably involves a "third-party claim" and is an action where "more than one claim for relief is presented," it is therefore an action implicating § 25-1315(1).

The May 13, 2004, order from which the Malolepszys attempt to appeal adjudicates their claim against the State, but the order does not expressly adjudicate the State's third-party claim against Vrana nor has the third-party claim against Vrana been adjudicated in another order. The district court in the May 13 order did not make "an express determination that there [was] no just reason for delay," nor did it make "an express direction for the entry of judgment" as to the Malolepszys' claim against the State as required under § 25-1315(1). Therefore, under § 25-1315(1), the order did not terminate the action as to "any of the claims or parties."

To be appealable, an order must satisfy the final order requirements of Neb. Rev. Stat. § 25-1902 (Reissue 1995), and additionally, where implicated, § 25-1315(1). *Pioneer Chem. Co. v. City of North Platte*, 12 Neb. App. 720, 685 N.W.2d 505 (2004), *affirmed* 269 Neb. 595, 694 N.W.2d 208 (2005). Although the grant of summary judgment is a final order, see *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996), § 25-1315(1) is implicated in this case, and the May 13, 2004, order failed to satisfy § 25-1315(1). The May 13 order was not

an appealable order. Therefore, this court does not have jurisdiction over this appeal.

Both parties in this case argue that the order was appealable because although the order did not explicitly rule on the third-party action, the third-party claim was dependent on the Malolepszys' claim against the State, and dismissal of the Malolepszys' claim against the State effectively disposes of the State's claim against Vrana. The issue therefore is whether § 25-1315(1) prohibits an immediate appeal from an order which does not explicitly adjudicate all claims but which may have obviated the need to resolve the unadjudicated claims.

Because § 25-1315(1) is substantially similar to Fed. R. Civ. P. 54(b), we look to federal cases construing rule 54(b) for guidance in construing § 25-1315(1). See *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003). In *Federal Sav. & Loan Ins. Corp. v. Huff*, 851 F.2d 316 (10th Cir. 1988), the Court of Appeals for the 10th Circuit determined that an order dismissing a claim was not appealable without a rule 54(b) certification when counterclaims and cross-claims remained pending, even though it was undisputed that the counterclaims and cross-claims were substantively dependent upon the dismissed claim. The counterclaims and cross-claims were not referred to in the order dismissing the claim, and the appellate court stated that rule 54(b)'s

> salutary goal of certainty with respect to jurisdiction of appeals is unsatisfied by appeal from an order dismissing an action or a complaint, leaving dependent claims expressly unadjudicated. In such circumstances the appellate court, and the parties themselves, must investigate the nature of the order from which the appeal was taken, the action itself, and the claims which were not addressed by the district court.

851 F.2d at 319-20. The appellate court further noted that "for notice of appeal purposes, there remains a technical difference between the practical collapse of dependent claims and an explicit dismissal of those claims." *Id.* at 319.

The Maryland Court of Appeals, construing a Maryland statute similar to rule 54(b) and to § 25-1315(1) and relying on federal cases, determined that "no matter how groundless an outstanding claim might be, unless it is somehow disposed of through the

entry of a judgment, that outstanding claim will be sufficient to deprive an appellate court of jurisdiction over the case under federal rule 54(b)." *Estep v. Georgetown Leather*, 320 Md. 277, 286, 577 A.2d 78, 82 (1990). The court in *Estep* concluded that under the Maryland rule, the appellate court lacked jurisdiction "until the judgment on the third-party claim was entered on the docket." 320 Md. at 287, 577 A.2d at 83. Based on the clear language of the Maryland rule, the Maryland court declined "to adopt a new test based on the mootness or viability of third-party claims to determine when a judgment is to be considered as final and appealable." 320 Md. at 287, 577 A.2d at 82. The Maryland court explained its rationale for declining to adopt such a test:

> We do not believe that either the public or the appellate courts of this state will be well served by a test which requires an examination of the legal relationships of all of the claims at trial and a conclusion through deductive reasoning that a judgment on one claim has obviated the need for a judgment to be entered on the remaining claims. Such a test would only make the legal system more mysterious to the general public. The value of a simple docket entry which would make clear to everyone the disposition of each and every claim in a case cannot be overemphasized.

320 Md. at 287, 577 A.2d at 82.

We are aware that other courts have taken a different approach to this issue. See *American Nat. Bank and Trust v. Secretary of HUD*, 946 F.2d 1286, 1291 n.6 (7th Cir. 1991) (stating that "technical requirements of [rule] 54(b) need not be met when claims cannot 'logically survive a judgment' "). However, we are persuaded that the reasoning in *Federal Sav. & Loan Ins. Corp. v. Huff, supra*, and *Estep v. Georgetown Leather, supra*, is more harmonious with the provisions of § 25-1315(1).

■ The clear purpose of § 25-1315(1) is to provide certainty as to when an order disposing of fewer than all claims or parties in a case involving multiple claims or parties is appealable. As the joinder rules in Nebraska have been recently liberalized, thus permitting more numerous combinations of parties and claims, the necessity for such certainty is even more important. Rather than leave an assessment of the status of the trial proceedings to appellate conjecture, we read § 25-1315(1) to require, in cases

with multiple claims or parties, an explicit adjudication with respect to all claims or parties or, failing such explicit adjudication of all claims or parties, an express determination that there is no just reason for delay of an appeal of an order disposing of less than all claims or parties and an express direction for the entry of judgment as to those adjudicated claims or parties. Lacking both an adjudication of all claims and an order under § 25-1315(1), we do not have jurisdiction of this case and we must dismiss this appeal.

## CONCLUSION

We conclude that we lack jurisdiction over this appeal because there was no adjudication of the State's third-party claim against Vrana and the district court did not make the express determination and express direction as required under § 25-1315(1) to enter judgment on the Malolepszys' claim against the State. When an appellate court is without jurisdiction to act, the appeal must be dismissed. *In re Guardianship & Conservatorship of Woltemath*, 268 Neb. 33, 680 N.W.2d 142 (2004). We therefore dismiss this appeal.

APPEAL DISMISSED.