45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steve GORSLINE, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF DEFENSE, Office of Champus
Program, Defendant-Appellee,
and
BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.; the State of
Kansas, Defendants.
 No. 94-3152.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1994.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Steve Gorsline appeals the district court's denial of his motions to amend his complaint to add the United States Army ("Army") as a party defendant and for reconsideration. He contends that the court erred in ruling that his motion to amend was untimely, and in ruling that his motion for reconsideration raised new issues which had not been previously presented.
 
 BACKGROUND
 
 3
 Gorsline, an army reservist, was called to active duty in connection with Operation Desert Storm. Prior to call up, Gorsline had been employed by the State of Kansas, and was covered by the State's group insurance plan with Blue Cross Blue Shield of Kansas ("BCBS").[2] Apparently, upon call up, Gorsline ceased to be covered by his employer's insurance plan, but rather, received health benefits through the Department of Defense, Office of Civilian Health and Medical Programs ("CHAMPUS"). Although his BCBS policy provided dental benefits, CHAMPUS has no provision for ordinary dental coverage.
 
 
 4
 Proceeding pro se, Gorsline filed this suit on April 26, 1993, asking the district court to determine who was responsible for paying certain dental bills which his dependents incurred while he was on active duty. After the suit was filed, the court allowed Gorsline to amend his complaint to add the State of Kansas as a party defendant. Subsequently, in two separate orders, the court granted the motions of BCBS and CHAMPUS to dismiss.
 
 DISCUSSION
 
 5
 Jurisdiction. Following dismissal of BCBS and CHAMPUS, Gorsline made the two motions upon which his appeal is based. In the first he sought to reopen the case to add the Army as a defendant. R. Vol. I, Tab 50. In the second, he sought to reopen the case for a determination on whether the Army discriminated against called-up reservists by failing to offer the same dental coverage as it offered to regular active duty troops. Id., Tab 51. The court denied both motions, and Gorsline filed his notice of appeal on May 19, 1994. At that time, the court had not yet ruled on the State of Kansas' motion to dismiss. By order dated June 10, 1994, we directed the parties to address the issue of premature appeal under 28 U.S.C. 1291 and Fed.R.Civ.P. 54(b). However, on July 28, 1994, prior to the date we set for submission, the district court dismissed the entire action. Therefore, we treat the notice of appeal as if it had been filed on July 28, 1994, and recognize jurisdiction. See Federal Sav. & Loan Corp. v. Huff, 851 F.2d 316, 317 (10th Cir.1988).
 
 
 6
 Denial of Motions. A motion to add a new party is actually a motion to amend under Fed.R.Civ.P. 15(a). Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir.1993). We review a district court's denial of a motion to amend a complaint for abuse of discretion. Id.
 
 
 7
 Gorsline contends that the district court erred in ruling that his motion to amend to add a party was untimely. He complains that the court allowed all other parties to file pleadings outside the required time periods, and that although he appeared pro se, he alone was held to strict time limitations.[3]
 
 
 8
 Gorsline correctly argues that a pro se litigant's pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, it is not the court's function to become an advocate for the pro se litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).
 
 
 9
 In this case, the action had been pending for ten months. Gorsline had amended his complaint once already when he moved to amend again, this time to add the Army, and he offered no explanation for his delay.
 
 
 10
 It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend ... especially when the party filing the motion has no adequate explanation for the delay. Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."
 
 
 11
 Frank, 3 F.3d at 1365-66 (10th Cir.1993) (quoting Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1991)) (other citations omitted). Accordingly, we cannot say that the court abused its discretion in denying Gorsline's motion to amend.
 
 
 12
 The court treated Gorsline's second motion as a motion to reconsider. We review a court's denial of a motion for reconsideration for abuse of discretion. See Committee for First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir.1992).
 
 
 13
 Gorsline's motion asked the court to reopen its earlier memorandum and order which dismissed CHAMPUS. Specifically, Gorsline sought a ruling that the Army discriminated against reservists called for active duty because it did not offer them the same dental coverage it offered to regular active duty troops. The court found that the motion advanced the legal theory of discrimination for the first time, despite the fact that the theory and facts had been available when both the original and amended complaints were filed. On appeal, Gorsline argues that he did raise the issue of discrimination in his application to proceed in forma pauperis.
 
 
 14
 The motion to proceed in forma pauperis is authorized by 28 U.S.C.1915. Designed to reveal a party's financial status so that the court may determine whether to require prepayment of fees, this motion is separate and apart from the complaint. Under Fed.R.Civ.P. 3, it is the filing of the complaint which commences an action. Under Rule 4(c)(1), only the complaint and summons are served on the defendants. Thus, the motion to proceed in forma pauperis gives no notice of any of its statements, and it is not otherwise added to or incorporated into the claims which are set forth in the complaint. Therefore, the motion for reconsideration raised a new claim which the court could properly refuse to consider.[4] Van Sciver v. United States, 952 F.2d 1241, 1243 (10th Cir.), cert. denied, 113 S.Ct. 89 (1992).
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Gorsline asserted that his final pay check from his employer showed a deduction for BCBS coverage which BCBS subsequently refused to honor. See R. Vol. I, Tab 49
 
 
 [3]
 The docket sheet does indicate that the defendants were granted time extensions on various occasions. Reviewing those documents that were included in the record on appeal, one instance of tardiness appears to have been the result of Gorsline's failure to give proper notice. See R. Vol. I, Tab 29. In other instances, the parties apparently made timely responses to the Orders to Show Cause which advised them of their pending defaults. However, the record shows a similar leniency for Gorsline whose timely response to an Order to Show Cause resulted in a reprieve from dismissal due to his failure to appear for a scheduling conference. See id., Tab 21
 
 
 [4]
 The latitude given for a litigant's pro se status does not require the court to formulate arguments or evidence. Even if Gorsline's new assertion regarding discrimination did state a valid claim, he still had an obligation to bring this claim and to name all the parties against whom he sought relief in a seasonable manner