**WESTMORELAND COUNTY**

v.

**RTA GROUP, INC. and Westmoreland Bar Association.**

**RTA Group, Inc., Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1999.
Decided Feb. 12, 2001.

Robert V. Campedel, Pittsburgh, for appellant.

Robert L. Byer, Greensburg, for appellees.

Joseph P. O'Brien, Media, for amicus curiae, Pennsylvania Bar Association.

Before DOYLE, President Judge, COLINS, Judge, SMITH, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, FLAHERTY, Judge and LEADBETTER, Judge.

DOYLE, President Judge.

RTA Group, Inc. appeals from an order of the Court of Common Pleas of Westmoreland County which granted the County's motion for summary judgment and found that RTA engaged in Champerty[1] and Maintenance,[2] as well as the unauthorized practice of law. We affirm.

Procedurally, the litigation began in 1995, when the County filed a two-count complaint against RTA. The first count of the complaint alleged that RTA engaged in the illegal activity of champerty and maintenance. Count two of the complaint alleged that RTA engaged in the unauthorized practice of law. Following discovery, the County moved for summary judgment. On January 13, 1999, Common Pleas issued a decision and order enjoining RTA from soliciting the filing and preparing of tax assessment appeals, representing taxpayers before the County Board of Assessment or before Common Pleas, appearing before the Board in any capacity other than as an expert witness and charging contingency fees for appearing as a witness before the Board or before Common Pleas. In reaching this conclusion, the court found that RTA engaged in the unauthorized practice of law.

The facts underlying the judgment of Common Pleas are as follows. RTA operates a real estate consulting service in areas that include Westmoreland County. As part of its business operations, RTA distributes brochures and newsletters to real property owners in the county soliciting those property owners to engage RTA's services for the purposes of reducing the owner's tax assessment. The brochures indicate that, on average, RTA is able to save its customers about 20% in real estate taxes by processing appeals to

---

1. Champerty is defined as "[a] bargain between a stranger and a party to a lawsuit by which the stranger pursues the party's claim in consideration of receiving part of any judgment proceeds; it is one type of 'maintenance,' ...." Black's Law Dictionary 157 (Abridged Sixth Edition 1991).

2. Maintenance is defined as "[a]n officious intermeddling in a lawsuit by a non-party by maintaining, supporting or assisting either party, with money or otherwise, to prosecute or defend the litigation." *Id.*

the County Assessment Office. The brochures also contain a list of some of the clients who have utilized RTA's services, as well as information concerning a contingency fee agreement which RTA utilizes with its clients, including the fact that the agreement includes all costs, including those of litigation, related to the assessment appeal.

Once a property owner decides to utilize RTA's services, the owner executes an agreement authorizing RTA or its agents to represent the owner "on all matters pertaining to Ad Valorem taxes," as well as to appeal any assessment which, in RTA's opinion, does not constitute the fair market value of the property. In addition, the property owner executes a power of attorney permitting RTA to employ attorneys, if RTA, in its sole discretion, deems it advisable. Finally, the owner signs a professional agreement whereby the property owner agrees to pay RTA a percentage of the reduction it secures in the real estate tax.

After securing these agreements, personnel from RTA file appeals with the County Assessment Office, attend hearings, and testify before the Assessment Board.[3]

On December 7, 1995, the County filed its two-count complaint against RTA. The County sought, as relief, an injunction prohibiting RTA from soliciting any more assessment appeals in the County and to disgorge the fees that it had collected in appeals from 1991 to the present. In response, RTA filed preliminary objections, averring in part that the County lacked standing. These preliminary objections were overruled on June 6, 1996, and subsequently, the County filed a motion for summary judgment.

On January 12, 1999, Common Pleas issued a decision and order granting summary judgment in favor of the County. As to count I of the complaint (champerty and maintenance), the court concluded that the County had demonstrated a prima facie case of champerty by establishing: (1) RTA had no legitimate interest in the suit; (2) RTA expended its own money in prosecuting the suit; and (3) RTA was entitled to share in the proceeds of a successful appeal. The court noted that only aggrieved parties had the right to appeal to the Board for relief, and it was clear that RTA was not such a party. Likewise, the court stated that the documents utilized by RTA provide that RTA will pay for the costs of the appeal and would be entitled to share in any recovery secured by RTA for the taxpayer.

As to the second count of the complaint (unauthorized practice of law), the court found significant RTA's claim that it could actively negotiate with the tax jurisdictions to reach a settlement, that it could engage in real and personal property tax assessment review and appeal, and that it could prepare and manage the appeal process to ensure a fair settlement. Common Pleas placed little weight on the relative simplicity of the assessment appeal process and the fact that the proceedings before the Board are informal. Accordingly, Common Pleas concluded that RTA had engaged in the unauthorized practice of law. As relief the Court enjoined RTA from pursing this practice further, but declined to make RTA return its fees, citing a delay in the prosecution of RTA by the County. RTA sought reconsideration, which was denied and this appeal by RTA followed.[4]

3. Prior to 1995, the Board permitted any person to represent another before the Board so long as the representative had authority to do so from the property owner. Since 1995, the Board has amended its rules several times, including a prohibition against anyone other than an attorney from representing a taxpayer before the Board, which amendment was adopted in 1997.

4. Our standard of review of a decision where Common Pleas has granted a motion for summary judgment is limited to determining whether that court committed an error of law or abused its discretion. *Westmoreland Coun-*

RTA's first argument is that the County lacks standing to bring this action because the County is not a party to the contract and the only person who could object to a champertous relationship would be the property owner who contracted with RTA to handle the assessment appeal. The essence of RTA's position is that, if the property owner does not complain, then it is free to continue to solicit and pursue assessment appeals in the courts and tribunals of the Commonwealth. RTA also asserts that contingent fee agreements are legal in the Commonwealth and that, even if it is found that the County does have standing, RTA has not engaged in champerty because there was no litigation occurring. RTA apparently does not consider hearings before the Board to be "litigation" because the proceedings are not governed by the Pennsylvania Rules of Evidence, nor are there notes of testimony taken or other formalities followed.[5] We disagree with RTA's argument.

Pursuant to Section 519[6] of the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. § 5020–519, the County has standing to appeal a determination by Common Pleas in a matter involving a challenge to the assessment of taxes on real property. Moreover, we conclude that the County, as the entity charged with levying and collecting taxes on the subject properties, has standing because it has a direct, substantial and immediate interest in the issue of tax assessment appeals. *See, i.e., Clark v. Cambria County Board of Assessment Appeals,* 747 A.2d 1242 (Pa.Cmwlth.2000); *Rodgers.*

Next, with respect to Count 1 of the complaint, RTA argues that the fee agreements create in RTA an individual legitimate interest in the litigation which follows the agreements because the agreements grant to RTA a power of attorney that authorize RTA to undertake an appeal. Under those agreements, RTA asserts, it is free to act as an agent for its clients in pursuing assessment challenges. We disagree.

In order to establish a prima facie case of champerty, three elements must exist. *Clark.* Those elements are: 1) the party involved must be one who has no legitimate interest in the suit; 2) the party must expend its own money in prosecuting the suit; and 3) the party must be entitled by the bargain to share in the proceeds of the suit. *Id.* We conclude that all three elements have been adequately proven by the County and, therefore, we hold that RTA was engaged in Champerty and Maintenance.

RTA argues that Section 4(b) of the Westmoreland County Assessment Appeals Rules and Regulations (County Rules), permits RTA to act as an agent for property owners seeking to challenge their

ty v. Rodgers, 693 A.2d 996 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 553 Pa. 685, 717 A.2d 536 (1998). In making this determination, this Court must examine such documentation as is included in the record, including pleadings and depositions, answers to interrogatories, admissions on file and supporting affidavits, in the light most favorable to the non-moving party. *Id.* We will affirm summary judgment only if there is no genuine issue as to a material fact and it is evident that the moving party is entitled to judgment as a matter of law. *Id.*

5. We draw RTA's attention to *Shortz v. Farrell,* 327 Pa. 81, 85–87, 193 A. 20, 21–22 (1937), and its progeny, which determined that hearings before administrative boards or commissions are essentially "judicial in character" and carry the indicia of a fact-finding "public tribunal to whom is committed the function of determining rights of life, liberty, and property."

6. Section 519 states:

Any owner of real estate or taxable property in this Commonwealth, **or any county, city, borough, town, township, school district or other public corporation** having power and authority to levy taxes on the assessment of [the owner's] real estate or taxable property in question, **may appeal from the judgment, order or decree of any court of common pleas, in any matter affecting the assessment of taxes on said property . . . .**
72 P.S. § 5020–519 (emphasis added).

assessments before the Board. However, our reading of the County Rules indicates that representation of clients before the County Board of Tax Assessment and Review is restricted to those licensed to practice law in this Commonwealth.[7] Section 4(b) of the County Rules specifically provides:

> (b) AUTHORIZED REPRESENTATIVE: When an aggrieved **party** is unable to appear at an appeal hearing, they may be represented by another **party**, other than an attorney, as long as the other **party** has written evidence of authorization signed by the aggrieved **party**. Only attorneys licensed to practice in the Commonwealth of Pennsylvania will be permitted to represent **clients** before the board.

(Reproduced Record (R.R.) at 31a.) (Emphasis added.) We conclude that RTA's construction of the County Rules creates an impermissible ambiguity within the section. We remark that the operative word in this section is "party." For example, when property is owned by two or more persons seeking to challenge a tax assessment, and one property-owning party is unable to appear, the authorization for the other property-owning party to act on behalf of both property owners must be evidenced. Furthermore, as we have previously held, Section 4(b) "permits a party to

be represented only by another party, i.e., not a disinterested individual." *Rodgers,* 693 A.2d at 999. We have indicated that Section 4(b) permits representation by another party "only when the aggrieved party is physically unable to appear at an appeal hearing . . . [and] does not authorize the aggrieved party to, in effect, contract away his or her rights to pursue the tax appeal by simply hiring another individual, who is a stranger to the appeal, to represent him or her at the hearing." *Id.* Therefore, notwithstanding RTA's agreement entered into with the property owners, RTA was neither a party aggrieved by the assessments involved nor an owner of assessed real estate and, therefore, must be licensed to practice law in the Commonwealth in order to represent the property owners before the Board.[8] It is beyond peradventure that RTA, and its constituent members and personnel, are not licensed to practice law in this Commonwealth. Thus, we find that RTA is without legitimate interest in the suit and, as the record amply demonstrates, RTA expended its own money in pursuit of the appeal and stood to share in the proceeds. Thus, Common Pleas correctly determined that RTA's actions constituted engagement in Champerty and Maintenance.

■ RTA contends with respect to Count 2 of the complaint, that it did not engage in the unauthorized practice of law

---

**7.** In interpreting this section, we must give the words and phrases contained therein their common and approved usage, and they are not to be used to create doubt or ambiguity. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a); *Workmen's Compensation Appeal Board v. Hartlieb,* 465 Pa. 249, 348 A.2d 746 (1975).

**8.** It is also well established law in this Commonwealth, and elsewhere, that non-attorneys may not represent corporations before Pennsylvania courts and most administrative agencies. *See Smaha v. Landy,* 162 Pa.Cmwlth. 136, 638 A.2d 392, *petition for allowance of appeal denied,* 539 Pa. 660, 651 A.2d 546 (1994); *Walacavage v. Excell 2000,* 331 Pa.Super. 137, 480 A.2d 281 (1984); *In re America West Airlines,* 40 F.3d 1058 (9th Cir.1994) (Non-attorney members of a partnership

could not appear in bankruptcy court on behalf of the partnership as corporations and other unincorporated associations must appear in court through an attorney); *Turkey Point Property Owners Assoc. v. Anderson,* 106 Md.App. 710, 666 A.2d 904 (1995) (Filing of petition for review of zoning decision and subsequent representation before the County Board of Appeals constituted unauthorized practice of law because a Maryland corporation must be represented by an attorney); *Expressway Associates II v. Friendly Ice Cream Corp.,* 34 Conn.App. 543, 642 A.2d 62, *cert. denied,* 230 Conn. 915, 645 A.2d 1018 (1994) (An individual who is not an attorney and who is a general partner of a partnership may not appear and participate, *pro se,* in an appeal on behalf of the partnership).

because it did not render legal advice or prepare legal documents. It also maintains that it has not appeared before the Board since 1995, when the Board adopted rules prohibiting representation of taxpayers by persons other than lawyers.

In determining whether RTA engaged in the unauthorized practice of law, this Court must decide whether legal judgments were necessary to complete the services which RTA rendered. *Shortz.* Activities before administrative boards or commissions constitute the practice of law when the application of legal knowledge is required. *Id.* In the instant matter, RTA represented to the property owners that it was experienced in county assessment procedures and the appeal system and that, in the past, it had been successful in obtaining assessment reductions. RTA obtained authorizations to represent property owners before the Board, prepared the appeal forms for the property owners, was present at the hearings held by the Board, and most important, its contract with the property owners provided that RTA had the sole discretion to determine whether an attorney should be hired to represent the property owner and whether an appeal should be taken. In addition, RTA advised the property owners on the necessity of and method of paying taxes under protest.

RTA argues that the completion of the preprinted assessment appeal forms is a simple process and does not require legal skill and/or analysis. It asserts that it did not appear before the Board as an advocate and that when an advocate was required, one was hired. RTA also contends that it did not furnish legal opinions, but only counseled property owners with regard to the fair market value of their properties and as to the payment of their real estate taxes under protest. We find these arguments unavailing.

 The unauthorized practice of law consists of the procuring of an agreement by one who is not an attorney to institute or prosecute an action in which the com-

pensation shall, directly or indirectly, depend upon the amount of recovery. Section 2525(a) of the Judicial Code, 42 Pa. C.S. § 2525(a). In *Shortz,* the Supreme Court, while stating that it is difficult to precisely define the activities constituting the unauthorized practice of law, concluded that an attorney applies legal knowledge in three ways:

1. He instructs and advises clients in regard to the law, so that they may properly pursue their affairs and be informed as to their rights and obligations.

2. He prepares for clients documents requiring familiarity with legal principles beyond the ken of the ordinary layman—for example, wills, and such contracts as are not of a routine nature.

3. He appears for clients before public tribunals to whom is committed the function of determining rights of life, liberty, and property according to the law of the land, in order that he may assist the deciding official in the proper interpretation and enforcement of the law.

*Shortz,* 327 Pa. at 84, 193 A. at 21. In *Shortz,* the Court held that an insurance claims adjuster was engaging in the unauthorized practice of law when he appeared before the Workmen's Compensation Review Board examining and cross-examining witnesses. The Court further expanded this application in *Dauphin County Bar Association v. Mazzacaro,* 465 Pa. 545, 351 A.2d 229 (1976). Mazzacaro, a casualty adjuster, was enjoined from representing tort claimants who pursued damage claims against tortfeasors or their insurers for personal liability and property damage. The Court held that such third-party claimant representation by lay adjusters constitutes the unauthorized practice of law. We have previously held, on facts remarkably similar to those in the instant matter, that representation by lay individuals before an assessment board consti-

tutes the unauthorized practice of law. *Rodgers*.

While we agree with RTA that completion of the assessment appeal forms are relatively simple, the forms require that the grounds for the appeal be provided. In that respect, application of legal judgment is necessary to complete this part of the form as it requires familiarity with statutes and court rulings. In addition, for RTA to either determine or recommend whether an attorney is hired on behalf of the property owner, which it may do in its sole discretion, it must render legal judgment on behalf of the property owner. Finally, advising property owners concerning the necessity of and method of payment of taxes accrued during the pendency of the appeal constitutes legal counsel. Therefore, we must conclude that RTA engaged in the unauthorized practice of law.

Accordingly, because there was no genuine issue of material fact, Common Pleas did not abuse its discretion or commit an error of law in granting the County's motion for summary judgment, and the order of the Westmoreland County Court of Common Pleas is affirmed.[9]

### *ORDER*

**NOW,** February 12, 2001, the order of the Westmoreland County Court of Common Pleas in the above-captioned matter is hereby affirmed.

Judge SMITH dissents.

9. We note that RTA presents its Statement of Questions Involved on two pages. Pursuant to Rule 2116(a) of the Pennsylvania Rules of Appellate Procedure, the Statement of Questions Involved must never exceed one page. Because of this and the result we reach today, we need not address RTA's contentions that real estate appraisers are subject to restrictions and oversight. RTA also fails to address the issue of the protective order in its brief and it is waived.