IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Northwestern Lehigh School District | : | CASES CONSOLIDATED |
| | : | |
| v. | : | |
| | : | |
| Michael Piechota | : | |
| | : | |
| Appeal of: Hyoungjoon Park and | : | |
| Youngkyu Lee | : | Nos. 883, 1160 C.D. 2024 |
| | : | |
| Michael Piechota | : | |
| | : | |
| v. | : | |
| | : | |
| Northwestern Lehigh School District, | : | |
| Hyoungjoon Park, and Youngkyu Lee | : | |
| | : | |
| Appeal of: Hyoungjoon Park and | : | Nos. 884, 1161 C.D. 2024 |
| Youngkyu Lee | : | Submitted: November 6, 2025 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                          FILED:  February 13, 2026

Hyoungjoon Park and Youngkyu Lee (collectively, Purchasers) appeal from the Lehigh County Common Pleas Court's (trial court): (1) June 28, 2024 order (entered July 1, 2024) making absolute and granting Michael Piechota's (Piechota) Petitions (Petitions) for Rule to Show Cause Why the Real Estate Sold under the Act commonly known as the Municipal Claims and Tax Liens Act (Act)[1] Should Not be Redeemed Pursuant to Section 32 of the Act;[2] (2) June 28, 2024 order (entered July

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7455.
[2] 53 P.S. § 7293.

1, 2024) denying and dismissing Purchasers' Motions to Dismiss Piechota's Petitions (Motions to Dismiss); (3) July 18, 2024 order granting Piechota's Emergency Motion Pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1701(b) and Lehigh County Local Rule 203.3(a) and (b) For a Court Order that Piechota has Tendered Payment to Purchasers to Redeem his Property which They have Refused and Seeks a Court Order that he has Complied with the Trial Court's June 28, 2024 Order (entered July 1, 2024) (Motion to Clarify); and (4) July 24, 2024 order (entered July 25, 2024) granting Piechota's Emergency Motion for Stay (Motion for Stay).[3]

Purchasers present four issues for this Court's review: (1) whether Section 32 of the Act permits an owner of real estate to assign his right of redemption while retaining ownership of the real estate and, if assigned after the nine-month period specified in the statute, it is timely made; (2) whether when a redemption petition under Section 32 of the Act is timely filed and the petitioner swears therein that he is ready to pay the redemption money, but he does not have the funds to do so at that time, should petitioner be afforded additional time to obtain the funds; (3) whether the trial court erred by denying Purchasers' Motions to Dismiss on the grounds of champerty; and (4) whether the trial court erred by denying Purchasers' statutory right to 10% interest pursuant to Section 32 of the Act because they exercised their right to appeal. After review, this Court affirms.

---

[3] Purchasers' appeal at Pa. Cmwlth. No. 883 C.D. 2024 is the appeal from the trial court's June 28, 2024 order (entered July 1, 2024) granting the Petitions. Purchasers' appeal at Pa. Cmwlth. No. 884 C.D. 2024 is the appeal from the trial court's June 28, 2024 order (entered July 1, 2024) denying the Motions to Dismiss. Purchasers' appeal at Pa. Cmwlth. No. 1160 C.D. 2024 is the appeal from the trial court's July 18, 2024 and July 24, 2024 (entered July 25, 2024) orders. Purchasers' appeal at Pa. Cmwlth. No. 1161 C.D. 2024 is also an appeal from the trial court's July 18, 2024 and July 24, 2024 (entered July 25, 2024) orders. By April 17, 2025 Order, this Court consolidated the appeals.

On July 1, 2021, Northwestern Lehigh School District (School District) filed a municipal lien for nonpayment of real estate taxes against Piechota's real property located at 5313 Heidelberg Heights Road, Heidelberg Township, Lehigh County, Pennsylvania (Property), thereby creating a lien thereon. Subsequently, the School District, through a Writ of Scire Facias,[4] obtained a judgment against Piechota's Property and, in execution thereof under the Act, scheduled the matter for a Sheriff's sale. After a number of continuances, the Lehigh County Sheriff's office subjected the Property to a sale on May 26, 2023, at which Purchasers purchased the Property for $231,000.00. Following receipt of Purchasers' payment, the Sheriff issued a Sheriff's Deed to Purchasers and recorded the same with the Recorder of Deeds on July 21, 2023.

On April 2 and 3, 2024, Piechota filed the Petitions in the trial court. Pursuant to Section 32 of the Act, the trial court issued upon the School District a Rule to Show Cause why Piechota was not entitled to the relief requested and scheduled the matter for a hearing on May 10, 2024. On April 28, 2024, Purchasers filed a Petition to Intervene, upon which the trial court issued a Rule to Show Cause to show why they were not entitled to the relief requested. Therein, the trial court directed opposing parties to file answers no later than May 3, 2024, and further represented that if neither party opposed, it would deem the Petition to Intervene uncontested and conduct a hearing thereon on May 10, 2024, the same date as the hearing on the Petitions.

---

[4]  A *scire facias* proceeding is an action in rem. The issuance of a writ of *scire facias* is an original process and serves the dual purposes of a writ of summons and a complaint. The purpose of a *scire facias* proceeding is to warn the owner of the existence of a claim so that the owner may make any defenses known and show why the property should not be under judicial subjection of a municipal lien.

*N. Coventry Twp. v. Tripodi*, 64 A.3d 1128, 1133 (Pa. Cmwlth. 2013) (citations omitted).

Prior to the May 10, 2024 hearing, Piechota reportedly assigned his right to redeem the Property to Rich Frankel (Frankel).[5]  On May 10, 2024, the trial court briefly conferred with counsel regarding whether the matter would proceed to a hearing, and Purchasers requested additional time to prepare for the hearing given the new set of circumstances.  The trial court did not take any evidence, and no party made any substantive motions before the hearing was continued to June 14, 2024.  Purchasers did not file any substantive motions prior to the June 14, 2024 hearing.

At the June 14, 2024 hearing, Piechota credibly testified that he revoked the assignment of his redemption rights to Frankel, provided a notarized document which Piechota and Frankel signed terminating the assignment, and indicated that he was ready, willing, and able to proceed to a closing to redeem the Property.  In so doing, Piechota presented a June 6, 2024 loan commitment letter (Letter) from Excel Financial (Lender) for a $250,000.00 loan.  Further, Frankel, in his capacity as Lender's representative, credibly testified that all contingencies in the Letter had been satisfied, and the matter was ready to proceed.  Frankel estimated it would take a week or two to obtain all the loan documents, conduct a title search, and proceed to closing.

On June 16, 2024, Purchasers filed the Motions to Dismiss Piechota's Petitions based on champerty.[6]  By June 28, 2024 orders (entered July 1, 2024), the trial court made absolute and granted Piechota's Petitions and denied Purchasers' Motions to Dismiss.  Purchasers appealed from those orders to this Court on July 8,

---

[5] Frankel is affiliated with Excel Financial, an entity that provides mortgage financing to businesses and individuals; however, the assignment was made to Frankel in his individual capacity.

[6] Therein, Purchasers asserted that the Petitions must be dismissed due to Piechota's relationship with Frankel.

2024.[7] On July 9, 2024, the trial court ordered Purchasers to file a Concise Statement of Errors Complained of on Appeal pursuant to Rule 1925(b) (Rule 1925(b) Statement). Purchasers timely filed their Rule 1925(b) Statement. On July 10, 2024, Piechota filed the Motion to Clarify, which the trial court granted on July 18, 2024, clarifying Piechota's obligations under the June 28, 2024 order (entered July 1, 2024).

On July 18, 2024, Piechota filed the Motion to Stay. By July 24, 2024 order (entered July 25, 2024), the trial court granted the Motion to Stay. The trial court determined that a stay was necessary to prevent Piechota from losing his ability to tender payment, and directed that the Lender would not proceed to closing while this case was on appeal. Purchasers appealed from the trial court's July 18, 2024 order and the trial court's July 24, 2024 order (entered July 25, 2024) to this Court. On August 22, 2024, the trial court filed its opinion pursuant to Rule 1925(a). By January 29, 2025 Order, this Court directed the parties to address the appealability of the trial court's July 18, 2024 and July 24, 2024 (entered July 25, 2024) orders in their principal briefs on the merits.[8]

**Appealability**

In its October 1, 2024 Rule 1925(a) opinion, the trial court stated:

Before discussing the merits of the alleged errors raised, it is respectfully submitted that any appeal regarding the [c]larification [o]rder should be quashed. The [c]larification [o]rder did not end the litigation or dispose

---

[7] This Court's "review in tax sale cases is limited to determining whether [the trial court] abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law." *Severino v. J.P. Holdings, LLC*, 303 A.3d 540, 542 n.3 (Pa. Cmwlth. 2023) (quoting *In re Sale of Real Est. by Lackawanna Cnty. Tax Claim Bureau*, 255 A.3d 619, 625 n.5 (Pa. Cmwlth. 2021)).

[8] Notwithstanding, the parties did not address the appealability of the trial court's July 18, 2024 and July 24, 2024 (entered July 25, 2024) orders in their briefs.

of the entire case, and therefore, the [c]larification [o]rder is not a final order subject to appeal. *See*[] [Rule 341(b)(1),] Pa.R.A.P. 34l(b)(l)[;] [*s*]*ee also*[] *Baumbach v. Lafayette Coll*[.], 272 A.3d 83, 87 (Pa. Super. [] 2022).

Reproduced Record (R.R.) at 394.[9]

Preliminarily, Section 5505 of the Judicial Code instructs: "Except as otherwise provided or prescribed by law, **a court** upon notice to the parties **may modify** or rescind **any order within 30 days after its entry**, notwithstanding the prior termination of any term of court, **if no appeal from such order has been taken or allowed.**" 42 Pa.C.S. § 5505 (emphasis added). Further, Rule 1701 mandates, in pertinent part:

> **(a) General rule.**--Except as otherwise prescribed by these rules, after an appeal is taken[,] . . . the trial court or other government unit may no longer proceed further in the matter.
>
> **(b) Authority of a trial court or other government unit after appeal.**--After an appeal is taken[,] . . . the trial court or other government unit may:
>
> (1) Take such action as may be necessary to preserve the *status quo*, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed, and transmitted, grant leave to appeal *in forma pauperis*, grant *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal . . . proceeding.

Pa.R.A.P. 1701 (underline emphasis added).

---

[9] Rule 2173 requires a reproduced record to "be numbered . . . in Arabic figures . . . followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc. . . . ." Pa.R.A.P. 2173. Purchasers incorrectly numbered the pages of their Reproduced Record by not following the page numbers with a small a. For consistency purposes, this Court cites the Purchasers' Reproduced Record page numbers herein without the small a.

The trial court's June 28, 2024 order (entered July 1, 2024) directed:

1. [Piechota] shall pay Purchasers as required under [Section 32 of the Act] including, without limitation, [the] following:

   a. $23,100.00 **plus interest at 10% per annum** from May 26, 2023[,] **until it is paid** by [Piechota];

   b. $207,900.00 **plus interest at 10% per annum** from May 30, 2023[,] **until it is paid** by [Piechota];

   c. $4,876.91 **plus interest at 10% per annum** from applicable dates **until it is paid** by [Piechota];

2. [Piechota] shall receive a credit against the aforementioned payment(s) to Purchasers in the amount of $22,775.88, without interest, for rent paid.

3. Closing on [Piechota's payment as directed in the order (Redemption Payment)] shall occur no later than thirty (30) days from the date of this [o]rder;

4. Upon payment by [Piechota], the May 26, 2023 Sheriff['s s]ale of the [] [P]roperty . . . , shall be deemed set aside and the July 6, 2023 Sheriff['s] Deed recorded on July 21, 2023, identified as Instrument No. 2023017306, shall be declared null and void.

5. A certified copy of this [o]rder may be filed with the Lehigh County Recorder of Deeds['] [o]ffice.

6. The Lehigh County Sheriff's [o]ffice is authorized to pay (reissue a check for) the balance of net proceeds from the Sheriff's sale in the amount of $122,161.81 to the Pennsylvania Department of Revenue.

R.R. at 212 (emphasis added). After Purchasers refused to accept Piechota's Redemption Payment, Piechota filed his Motion to Clarify. *See* R.R. at 222-225.

7

By July 18, 2024 order, the trial court clarified:

A. All terms and conditions of the [o]rder regarding redemption of the [] [P]roperty . . . shall remain in full force and effect, subject to the following clarifications;

B. It is anticipated that closing on this transaction will occur in accordance with the terms and conditions of the [o]rder, meaning on or before July 31, 2024.  If Piechota tenders . . . [the] Redemption Payment[] to [Purchasers], and if the Redemption Payment is not accepted by [Purchasers], the Redemption Payment shall be made payable to counsel for Piechota, as escrow agent, to be held for the benefit of Piechota in an interest-bearing escrow account . . . by Piechota's counsel or his law firm and shall not be released without agreement of the parties or further [o]rder of th[e trial c]ourt.

C. [Purchasers'] entitlement to 10% per annum interest in accordance with [Section 32 of the Act] shall end on the date that the Redemption Payment is accepted or not accepted by [Purchasers].

D. Upon either [Purchasers'] acceptance or non-acceptance of the Redemption Payment, the May 26, 2023 Sheriff['s s]ale of the [] Property shall be deemed set aside and the July 6, 2023 Sheriff's Deed recorded on July 21, 2023, identified as Instrument No. 2023017306, shall be declared null and void consistent with the [o]rder.

E. Piechota shall serve a copy of this order, as well as a copy of the [June 28, 2024 order (entered] July 1, 2024[ )], upon the Lehigh County Sher[]iff's [o]ffice.  Further, a certified copy of this order may be filed with the Lehigh County Recorder of Deeds['] [o]ffice.

R.R. at 335-337 (footnotes omitted).

A review of the above orders makes clear that the trial court's July 18, 2024 order was entered within 30 days of its June 28, 2024 order (entered July 1, 2024), and that the purpose of the July 18, 2024 order was to "preserve the *status quo*" of the parties while the appeal is pending.  Pa.R.A.P. 1701(b).  Specifically, the trial court issued its July 18, 2024 order to make sure Piechota's Redemption

8

Payment was deemed timely and he did not lose the benefit of the trial court's June 28, 2024 order (entered July 1, 2024) merely because Purchasers refused to accept it. As such, the trial court had jurisdiction to enter its July 18, 2024 order, and it is an appealable order.

The trial court's July 24, 2024 order (entered July 25, 2024) instructed: "[A]ll terms and conditions of the [trial court's o]rders of June 28, 2024 [(entered July 1, 2024)], and July 18, 2024[,] are STAYED, pending further [o]rder of th[e trial c]ourt." R.R. at 360. The trial court noted therein:

> A stay is necessary to prevent Piechota [from] losing the ability to tender payment in accordance with the terms and conditions of the [trial court's o]rder beyond the July 31, 2024 deadline. In this regard, the [trial] court is certainly mindful that it has long been the law of this Commonwealth that Section [32] of the [Act] is to be liberally construed so as to effect its object and to promote justice. [*See*] *City of Phila*[.] *v. Taylor*, 465 A.2d 33, 35 (Pa. Super. [] 1983). Therefore, for all of the foregoing reasons the [trial c]ourt will issue a stay to maintain the *status quo* pending [Purchasers'] appeal.

R.R. at 359 (italics added). As explained above, pursuant to Rule 1701(b), the trial court was authorized to issue the July 24, 2024 order (entered July 25, 2024) to "preserve the *status quo*" of the parties while the appeal is pending. Pa.R.A.P. 1701(b). Specifically, the trial court issued its July 24, 2024 order (entered July 25, 2024) to prevent Piechota from losing the ability to tender payment in accordance with the terms and conditions of the trial court's order beyond the July 31, 2024 deadline. As such, the trial court had jurisdiction to enter its July 24, 2024 order (entered July 25, 2024), and it is an appealable order.

**Merits**

Initially, Section 32 of the Act provides, in relevant part:

(a) The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may . . . redeem the same . . . at any time within nine months from the date of the acknowledgment of the sheriff's deed . . . upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether [or] not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of [10%] per annum thereon, from the time of each of such payments. . . .

(b) Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

53 P.S. § 7293.

This Court has explained:

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." [Section 1921(a) of the Statutory Construction Act of 1972 (SCA),] 1 Pa.C.S. § 1921(a). When the words of a statute are clear, courts must adhere to the plain meaning of the language. [*See* Section 1921(b) of the SCA,] 1 Pa.C.S. § 1921(b). "The language of a statute is considered ambiguous only where it will bear two or more meanings." [*Paul J.*] *Dooling Tire Co*[*. v. City of Phila.*], 789 A.2d [364,] 365-66 [(Pa. Cmwlth. 2001)] (citation and quotation[ marks]

10

omitted). "When the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering . . . [t]he consequences of a particular interpretation." [Section 1921(c)(7) of the SCA,] 1 Pa.C.S. § 1921(c)(7). "[T]**his redemption statute is to be liberally construed so as to effect its object and to promote justice**." *City of Phila*[.] *v. Taylor*, . . . 465 A.2d 33, 35 ([Pa. Super.] 1983). "**The purpose of sheriff's sales under the** [Act] . . . **is not to strip the owner of his or her property but to collect municipal claims**." *City of Phila*[.] *v. Manu*, 76 A.3d 601, 606 (Pa. Cmwlth. 2013).

*City of Phila. v. F.A. Realty Invs. Corp.*, 95 A.3d 377, 383-84 (Pa. Cmwlth. 2014) (emphasis added).

Purchasers first argue that Piechota's assignment to Frankel, and subsequent cancellation of the same, was a sham. Purchasers contend that even if this Court determines that Piechota could transfer his redemption right to Frankel without Frankel ever becoming vested in the title, it should be noted that the assignment was made on May 6, 2024, one month after the redemption period expired. Purchasers assert that the trial court was aware of this and still allowed the case to proceed to trial with Frankel as the petitioner - and without Frankel ever having to file a redemption petition. Purchasers insist that this was an error of law and extremely prejudicial to them. Purchasers emphasize that Section 32(b) of the Act requires that "[a]ny person entitled to redeem may present his petition to the proper court." 53 P.S. § 7293(b). Thus, Purchasers proclaim that if Frankel was exercising his right of redemption pursuant to the assignment from Piechota, he was required to file such a petition, and he did not. Piechota rejoins that whether Piechota had a right to assign his redemption right is moot because the assignment from Piechota to Frankel had been terminated at the time of the June 14, 2024 hearing.

Pursuant to Section 32 of the Act, **the owner of any property** sold under a tax or municipal claim, **or his assignees**, or any party whose lien or estate has been discharged thereby, may redeem the same at any time within nine months

11

from the date of the acknowledgment of the sheriff's deed. *See* 53 P.S. § 7293(a). Further, any person entitled to redeem may present his petition to the proper court. *See* 53 P.S. § 7293(b). Clearly, Piechota was entitled to redeem his Property and presented his Petitions to the trial court. The fact that he may have, at some point, assigned his right of redemption to Frankel is of no moment because Piechota was the owner of the Property at the time of the Sheriff's sale, Piechota filed the Petitions in the trial court, and Piechota appeared before the trial court and presented facts which the trial court deemed satisfactory to redeem the Property. Moreover, Purchasers did not object to Piechota's assignment of his right of redemption between the time they became aware of the assignment, *see* R.R. at 414-419, and the time the assignment was terminated. Accordingly, the issue of whether Piechota had a right to assign his right of redemption is moot because at the time of the June 14, 2024 hearing, the assignment from Piechota to Frankel had been terminated.

Next, Purchasers argue that when Piechota filed his Petition on April 2, 2024, he swore under oath that he was *ready*, *willing*, *and able* to pay the redemption money to Purchasers, yet when the matter was called for trial on May 10, 2024, Piechota withdrew from the case claiming he had assigned his redemption right to Frankel. Purchasers assert that Piechota did this because he did not have the money to redeem his Property at that time. Specifically, Purchasers contend that Piechota's redemption funds were coming from a mortgage that he had not yet secured. Thus, Purchasers argue that the purpose of the continuance Piechota requested on May 10, 2024, was his lack of funds for redemption.

Piechota rejoins that both Piechota and Frankel were present and ready to proceed on May 10, 2024, with Frankel redeeming the Property. Piechota asserts that when Purchasers asked for a continuance, Piechota did not oppose the continuance. Piechota maintains that by the time the June 14, 2024 hearing took place, Piechota had terminated the assignment to Frankel, and Piechota had Lender's

12

$250,000.00 Letter to back his payment to Purchasers.  Thus, Piechota retorts that, at the May 10, 2024 hearing, Frankel had the redemption rights and the money to redeem the Property; however, by the time of the June 14, 2024 hearing, Piechota had terminated the assignment and had the money to redeem the Property.

At the May 10, 2024 hearing, the trial court judge stated, in relevant part:

> Prior to coming onto the bench, I had a fairly lengthy discussion with counsel in the case.  Given that conversation, the parties are going to -- with their counsel, have continuing conversations as it relates to the redemption in this case.  The one thing we confirmed is the fact that [Purchasers] will be granted leave to intervene and will become defendants in -- certainly the one case, the 2024-C-1018 matter.
>
> In any event, based on circumstances that have recently arisen, [the trial court] [is] going to continue this matter to allow [the] parties and their counsel to continue to discuss a possible resolution.  In order to coordinate with the [trial c]ourt, I requested that counsel provide and confirm certain dates of their availability so we can reschedule this matter.  And I provided dates at the end of May or the beginning of June.

R.R. at 415-416.

After confirming with all parties, their respective counsel, and available dates on the record, the trial court judge continued:

> THE COURT: Okay.  And were there discussions about financial ability to actually redeem, as it relates to the [P]roperty?
>
> [PIECHOTA'S COUNSEL]: Yes, Your Honor.
>
> THE COURT: Okay.  **Is there anything else that we need to do this afternoon**?
>
> [PURCHASERS' COUNSEL]: **No.  I'm good**.

13

THE COURT: **No**. **We're all good**? **Okay**. Very good. Thank you all. I appreciate your time and effort as [the trial court] move[s] this matter forward. Enjoy your weekend.

R.R. at 419 (emphasis added).

The above exchange confirms that Piechota did not orchestrate the continuance or demand the date for the rescheduled hearing. It is clear that the trial court decided it. It is also evident that Purchasers did not object at that time to the continuance or to the redemption assignment Piechota made to Frankel. Accordingly, Purchasers' argument that Piechota directed the continuance until he had the money to redeem the Property is pure speculation.

Purchasers next argue that the trial court erred by denying their Motions to Dismiss on the grounds of champerty. Piechota rejoins that the Motions to Dismiss were not presented at any time during the June 14, 2024 hearing and were, therefore, waived.

This Court has explained:

> In order to establish a prima facie case of champerty, three elements must exist. Those elements are: [(]1) the party involved must be one who has no legitimate interest in the suit; [(]2) the party must expend its own money in prosecuting the suit; and [(]3) the party must be entitled by the bargain to share in the proceeds of the suit. [*See*] *Westmoreland* [*Cnty.*] *v. RTA Gr*[*p.*]*, Inc.*, 767 A.2d 1144 (Pa. Cmwlth. 2001) . . . ; *Clark v. Cambria* [*Cnty.*] [*Bd.*] *of Assessment Appeals*, 747 A.2d 1242 (Pa. Cmwlth. 2000) . . . . Additionally, "[t]he activity of champerty has long been considered repugnant to public policy against profiteering and speculating in litigation and grounds for denying the aid of the court." *Clark*, 747 A.2d at 1245-[]46. Moreover, in *Clark*, [this Court] indicated that the doctrine of champerty continues to be viable in this Commonwealth and can be raised as a defense.

*Brandywine Heights Area Sch. Dist. v. Berks Cnty. Bd. of Assessment Appeals & Mountain Vill., L.P.*, 821 A.2d 1262, 1265 (Pa. Cmwlth. 2003) (footnote omitted).

14

In its June 28, 2024 order (entered July 1, 2024) denying and dismissing Purchasers' Motions to Dismiss, the trial court reasoned:

> In light of th[e trial] court's order granting redemption, said Motions [to Dismiss] are not only untimely, but moot. Regardless thereof, the [trial] court will address the merits of the Motions [to Dismiss] as follows: On June 14, 2024, the [trial c]ourt held a hearing on [Piechota's] [P]etition(s) under [the Act] seeking to redeem [the Property] formerly owned by Piechota and sold at a Sheriff['s s]ale due to non-payment of municipal taxes. [Purchasers] purchased the [] Property at the Sheriff['] s]ale and opposed Piechota's efforts to redeem the [] Property. In accordance with [Section 32(b) of the Act], and following a hearing on June 14, 2024, attended by all parties and their respective counsel, **the record was closed and the matter held under advisement**. Two days later, on June 16, 2024, [Purchasers] filed the [] [M]otions to [D]ismiss. Accordingly, said Motions [to Dismiss] being filed after the record [w]as closed, **the failure of [Purchasers] to raise champerty**, **standing**, **or other defenses during the hearing results in waiver of all issues**. It is well settled that matters not brought before the trial court cannot be considered following conclusion of a proceeding. *See, generally*, *Newtown Sq. E[.], L.P. v. Nat'l Realty Corp.*, 38 A.3d 1008, 1017 (Pa. [Cmwlth.] 2011) (landowner's failure to raise issue in notice of appeal from township board of supervisors to trial court and attempt to raise issue for the first time in brief to the trial court, resulted in waiver of issue[]). Accordingly, **the decision related to Piechota's right to redemption and whether to make the [R]ule to [S]how [C]ause absolute was based upon the evidence admitted by the [trial] court on June 14**, **2024**, **found to be credible and weighty**.

R.R. at 208 (emphasis added). The trial court continued:

> For argument sake, even assuming the issues raised by [Purchasers] were not waived, dismissal of the [] [P]etitions is not proper; as the [trial] court may only invalidate the assignment. *See[] WF1C, LLC v. LaBarm*, 148 A.2d 812, 819 (Pa. Super. [] 2016). Moreover, the evidence at the hearing established that the assignment of

15

the redemption right was revoked prior thereto, and[,] thus, it was rendered inoperative. . . . Accordingly, **Piechota's interest as the former owner of the** [] **Property remained intact and allowed him to present evidence in support of his Petitions**. Under the circumstances, and because the assignment was no longer an issue to be decided at the hearing, [Purchasers'] contentions to the contrary are no longer relevant.

R.R. at 209 (emphasis added). This Court discerns no error in the trial court's reasoning. Accordingly, the trial court properly denied and dismissed the Motions to Dismiss.

Finally, Purchasers argue that the trial court erred by denying Purchasers' statutory right to 10% interest pursuant to Section 32 of the Act simply because they exercised their right to appeal. Specifically, Purchasers contend that the trial court abused its discretion by issuing its July 18, 2024 and its July 24, 2024 (entered July 25, 2024) orders. Piechota rejoins that the reason the trial court granted the stay was because Purchasers refused to accept the Redemption Payment when Piechota tendered it. Piechota retorts that the trial court's July 18, 2024 order held that Purchasers would not be entitled to interest during the appeal if they refused the tender of the Redemption Payment or even if Purchasers' counsel represented that they would not accept the Redemption Payment.

In *City of Philadelphia v. Philadelphia Scrapyard Properties, LLC*, 132 A.3d 1060 (Pa. Cmwlth. 2016), this Court concluded:

[I]nterpreting the Act to permit interest accrual for a period during which the intended recipient of redemption monies unreasonably refuses to accept payment would lead to an absurd result by permitting an intended recipient of redemption monies to unreasonably dispute redemption payments while continuing to hold the disputed [p]roperty, all the while accruing interest.

16

*Id*. at 1069. Accordingly, this Court cannot hold that the trial court abused its discretion by issuing its July 18, 2024 and its July 24, 2024 (entered July 25, 2024) orders.

For all of the above reasons, the trial court's June 28, 2024 orders (entered July 1, 2024), July 18, 2024 order, and July 24, 2024 order (entered July 25, 2024) are affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Northwestern Lehigh School District | : | CASES CONSOLIDATED |
| | : | |
| v. | : | |
| | : | |
| Michael Piechota | : | |
| | : | |
| Appeal of: Hyoungjoon Park and Youngkyu Lee | : | Nos. 883, 1160 C.D. 2024 |
| | : | |
| Michael Piechota | : | |
| | : | |
| v. | : | |
| | : | |
| Northwestern Lehigh School District, Hyoungjoon Park, and Youngkyu Lee | : | |
| | : | |
| Appeal of: Hyoungjoon Park and Youngkyu Lee | : | Nos. 884, 1161 C.D. 2024 |

## O R D E R

AND NOW, this 13th day of February, 2026, the Lehigh County Common Pleas Court's June 28, 2024 orders (entered July 1, 2024), July 18, 2024 order, and July 24, 2024 order (entered July 25, 2024) are affirmed.

_____

ANNE E. COVEY, Judge