

## <u>NOTICE OF CIVIL CONTEMPT</u>

## <u>You should immediately read the attached Memorandum and Order in full and take this Order to an attorney.</u>

- Your business remains in CIVIL CONTEMPT of this Court's July 14, 2023 Order, which directed your business to permanently close its underground storage tanks.

- Contempt of Court is a serious holding and may result in the future incarceration of your business owner, Robert J. Fulton.[1]

- Your business's present ability to comply with the Court's Orders, especially your business's present ability to satisfy the purge conditions set by the August 15, 2024 Order, will be a <u>critical</u> <u>issue</u> at the upcoming August 19, 2025 hearing.

- Your business's failure to produce Robert J. Fulton at the upcoming August 19, 2025 hearing will result in your business's waiver of using the inability to comply as a defense to this proceeding.

---

[1] In the Commonwealth Court, individual corporate officers may be held in contempt for the civil contempt of their business, even where the individual corporate officer is not named as a party to the case. *N. Strabane Twp. v. Majestic Hills LLC*, 329 A.3d 87, 104 (Pa. Cmwlth. 2024).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA
### Civil Contempt Financial Affidavit Form

### INDIVIDUAL

Name_____     Court Docket Number_____

**STEPS:** 1) Answer the following "ability to comply" questions. *Extra pages can be attached to answer these questions*.
2) Attach relevant documentation in support of this Form.
3) Certify the information is correct under penalty of perjury.

| **ABILITY TO PAY/COMPLY QUESTIONS** | |
|---|---|
| **EMPLOYMENT** | Are you currently employed?  Yes ☐ No ☐ <br><br> **IF YES**, how much do you earn per month?  $_____ |
| **PROPERTY** | Do you own any of the following, and if so, what is it worth? <br> **PROPERTY  APPROXIMATE VALUE  DESCRIPTION & AMOUNT OWED** <br> Home  $_____  _____ <br><br> Truck/ $_____  _____ <br> Vehicle <br><br> Other  $_____  _____ |
| **CASH & BANK ACCOUNTS** | Do you have any cash, or money in savings or checking accounts?  Yes ☐ No ☐ <br> **IF YES**, give the total approximate amount after monthly expenses  $_____ |
| **OBLIGATIONS, EXPENSES & DEBTS** | How many people do you financially support?  $_____ <br><br> **BILLS & DEBTS  MONTHLY EXPENSES  TOTAL DEBT** <br> Housing  $_____  $_____ <br> Groceries  $_____  $_____ <br> Medical Expenses  $_____  $_____ <br> Utilities  $_____  $_____ <br> Credit Cards  $_____  $_____ <br> Car/Truck/Vehicle  $_____  $_____ <br> Childcare  $_____  $_____ <br> Child support  $_____  $_____ <br> Insurance  $_____  $_____ <br> Loans  $_____  $_____ <br> Fines  $_____  $_____ <br> Other  $_____  $_____ |

### PENALTY OF PERJURY

I certify under penalty of perjury that this information is true and correct to the best of my information and belief.


_____     _____
Signature                                      Date

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA
## Civil Contempt Financial Affidavit Form

### BUSINESS

Business Name_____          Court Docket Number_____

**STEPS:**     1) Answer the following "ability to comply" questions. *Extra pages can be attached to answer these questions.*
2) Attach relevant documentation in support of this Form.
3) Certify the information is correct under penalty of perjury.

<div style="border:1px solid">

### ABILITY TO PAY/COMPLY QUESTIONS

1. Is your business operating?          Yes ☐  No ☐

   **IF YES**, how much income does your business net per month? $_____

2. What are the business's annual gross and net revenues for the past three years?

3. What are the business's current assets (cash, accounts receivable, inventory, property, equipment, etc.) and their estimated values?

4. What are the business's current liabilities and debts (outstanding loans, accounts payable, taxes owed, etc.)?

5. Does the business have any lines of credit or other sources of potential funding?

6. Are there any individuals or entities with an ownership interest in the business? If so, what is their financial capacity to contribute toward obligations associated with this case?

7. Can the business demonstrate a genuine inability to pay obligations associated with this case without jeopardizing its core operations or ability to continue as a viable entity?

8. Are there any non-essential expenditures that could be reduced or eliminated to free up funds for obligations associated with this case?

9. What documentation can you provide to verify financial information? e.g., tax returns, financial statements, bank records).

</div>

### PENALTY OF PERJURY

I certify under penalty of perjury that this information is true and correct to the best of my information and belief.

_____          _____
Signature of Business Officer                              Date

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania, :
Department of Environmental :
Protection, :
                 Petitioner :
                   :
         v. :
                   :
Service Station Co. Inc. 1324 d/b/a :
Fulton's Service Station, :
             Respondent :              No. 214 M.D. 2023

OPINION
BY JUDGE WALLACE

NOW, August 5, 2025, the Court hereby enters the following Order:

1. The upcoming hearing shall remain scheduled for August 19, 2025, at 10:00 a.m., in Courtroom Number 3001, 3rd Floor, Pennsylvania Judicial Center, 601 Commonwealth Avenue, Harrisburg, Pennsylvania.

2. As an owner/officer of Service Station Co. Inc. 1324 d/b/a Fulton's Service Station (Corporate Respondent), Robert J. Fulton (Fulton) is ordered to appear at the August 19, 2025 hearing.

## I.     Background

1. Corporate Respondent remains in civil contempt of this Court's July 14, 2023 Order, which enforced the Commonwealth of Pennsylvania, Department of Environmental Protection's (Department) administrative order directing Corporate Respondent to permanently close three storage tanks on Corporate Respondent's property.

2. Closure of these storage tanks is required by the Storage Tank and Spill Prevention Act, Act of July 6,

1989, P.L. 169, *as amended*, 35 P.S. §§ 6021.101–6021.2104, and regulations promulgated thereunder.

3. On August 15, 2024, this Court adjudicated Corporate Respondent in civil contempt for failure to comply with the Court's July 14, 2023 Order, and entered "purge conditions," by ordering specific action Corporate Respondent could take to lift the contempt citation.

4. In that Order, the Court sanctioned Corporate Respondent with a daily $100 fine to be paid to the Department. The fine was "held in abeyance" for a "purge period." This means the Court gave Corporate Respondent a grace period to purge itself of civil contempt before a fine went into effect.

5. In other words, the Court must first determine whether Corporate Respondent has purged itself of civil contempt before it can effectuate this fine.

## II. August 19, 2025 Hearing Overview

6. Now, the Department has filed two relief applications which the Court will review at the August 19, 2025 hearing.

7. **First**, the Department alleges that Corporate Respondent has failed to purge itself of civil contempt by taking the action ordered by the Court's August 15, 2024 Order. *See* Department's 11/15/24 "Certification of Noncompliance."

8. **Second**, the Department asks the Court to take three actions—a) effectuate the *previously ordered* sanction of a $100 daily fine against Corporate Respondent—which, by the Court's estimation, has now accrued to over $35,000.00; b) impose a new sanction of incarceration against Fulton for Corporate Respondent's failure to purge itself of contempt; and c)

2

enter a new contempt purge schedule. *See* Department's 1/16/25 "Petition for Contempt."

9. In sum, at the August 19, 2025 hearing, the Court will consider 1) whether Corporate Respondent has purged itself of civil contempt and 2) whether to effectuate the prior sanction, as is or as modified, and/or impose a new sanction.

10. The Court will not, at *this* hearing, incarcerate Fulton as a civil contempt sanction for Corporate Respondent's failure, if any, to purge itself.

11. The Court may, at the *next* hearing, consider incarcerating Fulton if Corporate Respondent fails to purge itself.


## III.  <u>**Important Notice**</u>

12. ****Corporate Respondent's present ability to comply with the Court's Orders, especially Corporate Respondent's present ability to comply with the purge conditions set by the Court's August 15, 2024 Order, is a **<u>critical</u>** consideration the Court will make in this proceeding. ****

13. The inability to comply with an Order of this Court may be raised as an affirmative defense by Corporate Respondent. *Barrett v. Barrett*, 368 A.2d 616, 621 (Pa. 1977).

14. The Court requires corporations to appear through counsel. *Smaha v. Landy*, 638 A.2d 392, 397 (Pa. Cmwlth.), *appeal denied*, 651 A.2d 546 (Pa. 1994).

15. However, given the due process concerns of *Turner v. Rogers*, 564 U.S. 431 (2011), and *Commonwealth v.*

*Diaz,* 191 A.3d 850 (Pa. Super. 2018),[2] the Court will allow Corporate Respondent to prepare limited materials for the Court's consideration and to present its owner, Fulton, at the hearing to respond to the Department's allegations.

16. The Court has attached two Financial Affidavit Forms to this Order, one relating to a business entity, which pertains to Corporate Respondent, and one relating to an individual, which pertains to Fulton. Both forms should be completed by Fulton.

17. If Corporate Respondent wishes to present a defense of its inability to comply with the Court's Orders, in advance of the hearing, Corporate Respondent may complete the Financial Affidavit Forms and compile relevant, related documentation for the Court's consideration.

18. For the documents to be properly considered, all materials should be submitted to the Department before the August 19, 2025 hearing (further instruction is provided below).

19. At the hearing, if Corporate Respondent does not have counsel but wishes to raise the defense of inability to comply with the Court's Order, Corporate Respondent may present its owner, Fulton, to 1) provisionally file the Financial Affidavit Forms and related documentation with the Court, which may be filed under seal to protect confidential information, and 2) speak with the Court on a limited basis to respond to the Department's allegations, and, if Corporate Respondent so choses, present a defense on its present ability to comply with the Court's August 15, 2024 purge conditions and possible contempt sanctions.

---

[2] Superior Court decisions are not controlling in this Court but may be cited for their persuasive value, and where persuasive, the Court is "free to adopt the Superior Court's reasoning." *Taylor v. Pa. State Police of Commonwealth*, 132 A.3d 590, 604 n.15 (Pa. Cmwlth. 2016).

20. This discussion with the Court is known as a "colloquy" and is limited to whether Corporate Respondent is able to comply with A) the "purge conditions" imposed by the Court's August 15, 2024 Order and B) the civil contempt sanctions.

21. The colloquy will be subject to **cross-examination** by the Department, which is represented by Counsel in this proceeding.

22. **<u>Corporate Respondent's failure to produce Fulton at the upcoming hearing will result in Corporate Respondent's waiver of using the inability to comply as a defense to this proceeding.</u>**

23. **<u>This may result in the Court's consideration of incarcerating Fulton as civil contempt sanction at a later proceeding.</u>**

24. Without counsel, Fulton is not permitted to take any other action on behalf of Corporate Respondent that is not expressly directed by this Memorandum and Order, including but not limited to, presenting witnesses, cross-examining Department witnesses, formally making arguments before the Court, or filing a motion, brief, or any evidence other than the Financial Affidavit Forms and supplementary documentation.

## IV. <u>BEFORE the August 19, 2025 Hearing</u>

25. Corporate Respondent and Fulton are invited to

    a. <u>Complete</u> the Financial Affidavit Forms that are attached to this Order *and* <u>compile</u> documentation relevant to the Financial Affidavit Forms to present to the Court.

    b. <u>Submit</u> the above material to Department Counsel Brian Glass by 4:00 p.m. Eastern

5

Standard Time on **Wednesday August 13, 2025,** at briaglass@pa.gov.

    **c.** All copies sent to the Department should be timely submitted, and clear and legible.

## V.    ON THE DATE of the August 19, 2025 Hearing

26. Fulton, and the Department, should arrive 15 minutes in advance of the hearing.

27. Fulton should have the original Financial Affidavit Forms and supplementary documentation with him. All these materials should have been timely submitted to the Department to be considered.

## VI.    PART ONE of the August 19, 2025 Hearing

28. During Part One of the Hearing, the Court will consider whether Corporate Respondent has purged itself of civil contempt.

*The Department's Case*

29. At the hearing, the Department may present its case first and demonstrate why Corporate Respondent has not purged itself of contempt by taking the action directed by this Court's August 15, 2024 Order.

30. The Department is expected to present evidence regarding the expected cost for the tanks' closure.

31. To prove that Corporate Respondent should remain in contempt of this Court's July 14, 2023 Order and has not purged itself of contempt by the conditions set by the Court's August 15, 2024 Order, the Department must prove by a preponderance of evidence that

    **a.** Corporate Respondent had notice of the August 15, 2024 Order;

6

a. Corporate Respondent's failure to purge itself of contempt was volitional—meaning it was willful;

b. Corporate Respondent had wrongful intent in failing to purge itself of contempt. *Waggle v. Woodland Hills Association, Inc.*, 213 A.3d 397, 403 (Pa. Cmwlth. 2019).

*Corporate Respondent's Response*

32. After the Department presents its case, Corporate Respondent may then respond to the allegations raised by the Department.

33. **The inability to comply with a Court's order is an affirmative defense which may be raised by Corporate Respondent.**

34. Corporate Respondent may present Fulton to colloquy with the Court about Corporate Respondent's response to the Department's allegations, and **if, raised by Corporate Respondent, through Fulton,** the present ability to comply with the purge conditions set by the Court's August 15, 2024 Order.

35. If such defense is raised, to aid this discussion with the Court, Corporate Respondent will be permitted, for the limited basis of the ability to comply question, to present the Financial Affidavit Forms to the Court along with other relevant financial information, which may be filed under seal, if necessary, with the Court to protect confidential information.

36. Following this discussion, the Department, which is represented by counsel in these proceedings, will also have the chance to **cross-examine** Fulton about Corporate Respondent's ability to comply.

7

37. If Corporate Respondent, through Fulton's testimony, demonstrates a present inability to purge itself of the Court's August 15, 2024 Order, the Department will have an opportunity to rebut this position, to prove that Corporate Respondent was able to comply, but chose not to comply.

38. If necessary, the Department may seek leave of Court to engage in discovery to rebut Corporate Respondent's evidence.

## VII.  PART TWO of the August 19, 2025 Hearing

39. In Part Two of the hearing, held on the same day as Part One, the Court will consider the imposition of sanctions.

40. The possible sanctions the Court will consider are 1) the effectuation of a $100.00 daily fine against Corporate Respondent 2) a modified sanction of the previously-imposed fine; or 3) an alternative sanction.

41. The Court will *only* impose a sanction if it determines that Corporate Respondent has the present ability to comply with the purge conditions of the August 15, 2024 Order, but has willfully chosen not to.

42. The Court may make a ruling on Corporate Respondent's ability to comply with the Order *after* the hearing. Thus, the Court may nonetheless hear evidence on the question of sanctions, but still decide after the hearing that Corporate Respondent lacked the present ability to comply with the purge conditions set by the Court's August 15, 2024 Order, and thus, cannot be sanctioned.

## Judicial Considerations

43. The Court has broad discretion in imposing its civil contempt sanctions.

44. Monetary civil contempt sanctions may be either 1) coercive or 2) compensatory.

45. Coercive civil contempt fines are generally payable to the Court. "[I]n fixing the amount of a fine to be imposed . . . as a means of securing future compliance, consider the amount of defendant's financial resources and the consequent seriousness of the burden to that particular defendant." *U.S. v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947). A coercive sentence cannot be conditioned on the contemnor's performance of "some act that is incapable of performance." *In re Martorano*, 346 A.2d 22, 27–30 (Pa. 1975)(footnote omitted). The probable effectiveness of the coercive sanction is an inherent aspect of the court's inquiry. *Dep't of Envtl. Res. v. Pa. Power Co.*, 337 A.2d 823, 832 (Pa. 1975) (plurality).

46. Compensatory civil contempt fines may be payable to the complainant "based upon evidence of complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy." *Brocker v. Brocker*, 241 A.2d 336, 339 (Pa. 1968).

47. Though Corporate Respondent's ability to comply with the sanction is only necessary for a coercive fine, the Court will permit Corporate Respondent to present Fulton for a colloquy at this proceeding to generally discuss Corporate Respondent's present ability to comply with a fine—if Corporate Respondent, through Fulton, raises the defense.

48. The Department will be permitted to present its case first, to advise the Court on why effectuating the $100.00 daily fine is appropriate.

49. The Department should be prepared to articulate the nature of the precise monetary civil sanction requested.

50. The Court will not incarcerate Fulton at this stage, but the Court will permit the Department to present an alternative sanction against Corporate Respondent for the Court's consideration.

*Corporate Respondent's Response*

51. Corporate Respondent may present Fulton to appear for the limited basis of discussing Corporate Respondent's response to the Department's case.

52. The ability to comply with a sanction may be raised as an affirmative defense by Corporate Respondent.

53. Corporate Respondent, through Fulton, may present the Financial Affidavit forms and relevant financial documentation.

54. Again, the Department, will have the opportunity to cross-examine Fulton on Corporate Respondent's ability to comply with the previously imposed fine or a new sanction.

## VIII. <u>After the August 19, 2025 Hearing</u>

55. In its Opinion and Order following this hearing, the Court will make express findings as to whether Corporate Respondent has the present ability to comply with the purge conditions set by the Court's August 15, 2024 Order.

56. Within 30 days of the August 19, 2025 hearing, the parties and Fulton will have the opportunity to prepare post-hearing briefs on the due process that is owed for the August 19, 2025 proceeding. Put simply, the additional due process is implemented in this hearing, but the parties will be given the opportunity to share whether they believe this procedure is in accordance with the law, for purposes of moving forward.

57. If this contempt proceeding reaches the stage where Fulton may be personally sanctioned for Corporate Respondent's contempt, Fulton can represent himself "*pro se*."

_____

STACY WALLACE, Judge

11